OPINION OF THE COURT
Simons, J.
Plaintiff Panos Alifieris was injured at JFK International Airport during the course of his employment with third-party defendant Olympic Airlines, allegedly as the result of the tortious conduct of defendant Mary Cooper, an employee of defendant American Airlines, Inc., and her husband, defendant Don Cooper. Alifieris and his wife sued defendants, claiming that Don Cooper had intentionally assaulted him and that Cooper and his wife had negligently struck him. The complaint also alleged a cause of action for punitive damages, another against defendant American Airlines based on vicarious liability, and one against all defendants on behalf of plaintiff Cleo Alifieris to recover damages for loss of consortium. Defendant Don Cooper then instituted third-party actions against Olympic Airlines and the County of Suffolk.[1] In his third-party *374 complaint, he alleged that he was employed by Suffolk County as a police officer, although off duty at the time, and that if he caused the injuries and damages which plaintiffs claim, he did so in that capacity. Accordingly, he sought indemnity from his employer in the third-party action and, consistent with this claim for indemnity, he also asserted as his third affirmative defense to the main action plaintiffs’ failure to comply with the notice of claim provisions of section 50-e of the General Municipal Law (see General Municipal Law, § 50-e, subd 1, par [b]; § 50-j, subds 2, 3). It is the merit of this claim for statutory indemnity in the third-party action and the affirmative defense alleged in the main action because of it which presents the issue to be resolved on this appeal.
Plaintiffs moved to dismiss the affirmative defense, noting that they had sued defendant as an individual and not in his capacity as a police officer, and they contended, therefore, that they had no obligation to plead or prove service of a notice of claim on Cooper’s employer. Special Term granted the motion and the Appellate Division unanimously affirmed. In affirming, however, the Appellate Division dismissed the affirmative defense because Suffolk County had no duty to indemnify Cooper for damages he may have caused at JFK Airport. It held that Cooper was entitled to indemnification only for damages sustained as a result of off-duty conduct occurring within the corporate limits of his employer. Inasmuch as this incident occurred in Queens County, the court concluded that defendant was not entitled to indemnification pursuant to section 50-j of the General Municipal Law and accordingly plaintiffs were not required to comply with the notice of claim provisions of section 50-e of the General Municipal Law.
Prior to the enactment of section 50-j, courts had held in tort actions against police officers that no notice of claim was required to be filed with the municipality as a predicate for suit because there was no statutory provision requiring the city to indemnify the officers (see O’Hara v Sears Roebuck & Co., 286 App Div 104; Hawkins v Dominy, 18 Misc 2d 221). In 1974, the Legislature added two different indemnity sections to the General Municipal Law, both labeled 50-j. The first, relevant here, relates to the indem *375 nification of police officers and the second covers the indemnification of police officers and correction officers for damages assessed against them in Federal court. Both of these sections originally referred to cities with a population of over one million and therefore applied only to the City of New York. They permitted indemnification of off-duty police officers when incidents arose within the geographical limits of “such city”. Thus, under prior law, New York City was not obliged to indemnify its off-duty police officers for tortious acts committed outside of its geographical limits. In 1975, however, section 50-j was amended to apply its terms to police officers of “every city, county, town, village, authority or agency” within the State and to change the phrase “geographical limits of such city” to “geographical limits of his jurisdiction” (L 1975, ch 843, § 1). The relevant language is found in subdivision 2 and it establishes two criteria for determining when an employer must indemnify an off-duty police officer for tortious conduct.[2] First, the officer must have acted within “the geographical limits of his jurisdiction”. Second, the officer must be “engaged in the immediate and actual performance of a public duty imposed by law”, not in private matters. Defendant Cooper contends that the Appellate Division erred in applying the first criteria and that it misinterpreted the statute because the “geographical limits of his jurisdiction” are State-wide, not limited to the jurisdiction of his employer. He contends that Special Term erred in applying the second criteria because, at the least, his motion papers established a jury question on the public nature of his conduct.
No more than a question of statutory construction is presented by the first issue. The guiding principle in such cases is to give effect to the legislative intent and that *376 intent is to be sought first in the words of the statute under consideration (Department of Welfare v Siebel, 6 NY2d 536, 545). Its terms are construed according to their ordinary usage in the context in which they are used (see Matter of Kamhi v Planning Bd., 59 NY2d 385, 391; Riegert Apts. Corp. v Planning Bd., 57 NY2d 206, 209; Matter of Albano v Kirby, 36 NY2d 526, 529-531) and extrinsic aids are considered only when examination of the words makes the intent ambiguous or unclear.
Defendant’s construction of 50-j is supported by the plain meaning of the statute’s words. The pronoun “his” refers to the noun “police officer” in the statute, and thus contemplates the jurisdiction of the police officer, not the jurisdiction of the municipality. If there were any doubt about that construction, the legislative history confirms it for it establishes that the statute was amended for the avowed purpose of extending the scope of municipal liability to indemnify police officers (Bill Jacket, L 1975, ch 843, § 1, Memorandum of Division of Criminal Justice Services dated July 8, 1975; Bill Jacket, L 1975, ch 843, § 1, Memorandum of Secretary of State dated Aug. 1, 1975). Indeed, a letter from the Conference of Mayors submitted to the legislators before adoption of the amendment to 50-j specifically warned that the legislation would extend municipal indemnity to off-duty officers for acts occurring outside the municipal corporate limits, thus establishing beyond cavil that the legislators were aware that the statute could be so interpreted and that they intended just that result (see Bill Jacket, L 1975, ch 843, § 1, Letter from Conference of Mayors dated May 5, 1975).
A “police officer’s jurisdiction” is delineated in CPL 140.10 (subd 3),[3] a statute in pari materia with 50-j, and it provides that the officer’s jurisdiction is State-wide. Accordingly, if defendant Don Cooper was acting in his capacity as a police officer on a public matter he was entitled to *377 indemnity from his employer, the County of Suffolk, for the tortious act he allegedly committed in Queens County.
This construction of the statute also conforms with sound public policy. Police officers are responsible for enforcing the law any time anywhere in the State. That is a basic precept of their training, the breadth of their statutory powers, and commonly, as in this case, the obligation of their employment as spelled out in the contract between employer and employees. If, however, police officers are exposed to potential civil and criminal liability for arrests made outside of the employer’s jurisdiction, they may understandably refrain from doing their duty, thereby eroding the vitality of CPL 140.10 and resulting in a consequent loss in public safety. The indemnity statute was intended to avoid this and it should be construed in favor of coverage in order to encourage diligent law enforcement.
Inasmuch as defendant may be entitled to indemnity, subdivision 3 of section 50-j requires that plaintiffs file a notice of claim. That section provides that “[n]o action * * * shall be prosecuted or maintained against the municipality * * * or such police officer unless notice of claim shall have been made and served upon such municipality * * * in compliance with section fifty-e of this-chapter.” In turn, the pertinent provisions of section 50-e (subd 1, par [b]) provide that: “If an action * * * is commenced against such person [police officer], but not against the public corporation [Suffolk County], service of the notice of claim upon the public corporation [County] shall be required only if the corporation [County] has a statutory obligation to indemnify such person [police officer] under this chapter or any other provision of law” (words in brackets supplied).
It remains to consider the second criteria, whether the defense should be dismissed because Cooper was acting in a private matter and thus was not “engaged in the immediate and actual performance of a public duty imposed by law”. Special Term believed that he was and struck the defense for that reason. Plaintiff may not limit the proof to defendant’s detriment, however, when defendant’s motion papers raise a question of fact on the issue, as was the case here. If defendant was pursuing his public duties acting in *378 his capacity as a police officer at the time of the incident, the affirmative defense is valid; if he was not, plaintiffs were not required to submit a notice of claim.
Accordingly, the order of the Appellate Division should be modified to deny the motion to dismiss defendant Don Cooper’s third affirmative defense[4] and, as so modified, affirmed, with costs to defendant Don Cooper. The certified question is answered in the negative.
Chief Judge Cooke and Judges Jones, Wachtler, Meyer and Kaye concur with Judge Simons; Judge Jasen dissents and votes to affirm for reasons stated in the opinion by Justice Guy J. Mangano at the Appellate Division (98 AD2d 206).
Order modified, with costs to appellant Don Cooper, in accordance with the opinion herein and, as so modified, affirmed. Question certified answered in the negative.

. The action was originally brought in New York Supreme Court but was then removed to Federal District Court because of the presence of Olympic Airlines. The main action was subsequently remanded to Supreme Court, with only the third-party action remaining in Federal court, and after the action against Olympic Airlines was discontinued, the third-party action against Suffolk County was also remanded from Federal to State court.

. Section 50-j of the General Municipal Law provides as follows:
“Section 50-j. Liability of police officers for negligence in the performance of duty
* ** *
“2. For purposes of this section, a police officer of any such municipality, authority or agency, when within the geographical limits of his jurisdiction, although excused from official duty at the time, shall be deemed to be acting in the discharge of duty when engaged in the immediate ánd actual performance of a public duty imposed by law and such public duty performed was for the benefit of all the citizens of the community and the municipality, authority or agency derived no special benefit in its corporate capacity.”

. “Section 140.10. Arrest without a warrant; by police officer; when and where authorized. * * *
“3. A police officer may arrest a person for a crime, pursuant to subdivision one, whether or not such crime was committed within the geographical area of such police officer’s employment, and he may make such arrest within the state, regardless of the situs of the commission of the crime. In addition, he may, if necessary, pursue such person outside the state and may arrest him in any state the laws of which contain provisions equivalent to those of section 140.55.”

. Defendant Mary Cooper also has appealed from the order striking the third affirmative defense. Inasmuch as she was not an employee of Suffolk County, she may not raise the issue and the Appellate Division properly affirmed the order striking the affirmative defense as to her.