OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and a new trial granted.
 

 Claimant brought this action to recover damages for personal injuries he sustained on October 10, 1979 when one Robert Warner, an off-duty New York State correction officer employed at Green Haven Correctional Facility, shot him in the foot. Claimant, a bystander, was walking on the grounds of a housing project in Manhattan at the time and was injured when Warner shot him while pursuing two other men after they had allegedly robbed him. Warner, a peace officer
 
 (see,
 
 CPL [former] 1.20 [33]), was authorized under applicable statutes to arrpst the robbers whether or not he was acting pursuant to his special duties if he had reasonable cause to believe that they had committed a felony (CPL 140.25 [3]). The Appellate Division acknowledged this authority but nevertheless held as a matter of law that the State could not be liable for the acts of a peace officer making an arrest while off duty
 
 (see,
 
 100 AD2d 270). In light of the statutory and departmental authorization for peace officers to carry firearms (Penal Law [former] § 265.20 [a] [1] [a]), to make arrests when off duty (CPL 140.25 [3]) and to use force in doing so (Penal Law § 35.30), the claim presents questions of fact requiring a trial to determine whether Warner was negligent and, if so, whether the State is liable under traditional concepts of respondeat superior
 
 (see, Riviello v Waldron,
 
 47 NY2d 297, 302, 303; Restatement [Second] of Agency § 229;
 
 and cf. Alifieris v American Airlines,
 
 63 NY2d 370).
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons and Kaye concur in memorandum; Judge Alexander taking no part.
 

 Order reversed, etc.