■ JAMES E. PARRIS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In an action to recover damages, *inter alia,* for false arrest, the defendant appeals from an order of the Supreme Court, Kings County (Held, J.), dated August 26, 1985, which granted the plaintiff's motion to

reargue an earlier order of the same court, dated October 26, 1984, which granted the defendant's motion for summary judgment, and upon reargument, denied the defendant's motion for summary judgment.

Order affirmed, with costs.

The motion of the defendant for summary judgment was properly denied upon reargument. The plaintiff seeks to recover damages, *inter alia,* for personal injuries allegedly sustained on November 29, 1977, when he was pursued and caused to be arrested by one Rodney Jackson, an off-duty New York City Housing Authority Police Officer and employee of the defendant *(see,* CPL 1.20 [34] [e]). It is now clear that the defendant could be liable under traditional concepts of respondeat superior for the actions of officers such as Jackson who attempt to effect arrests while off-duty *(Frazier v State of New York,* 64 NY2d 802; *see also, Matter of Washington v New York City Hous. Auth.,* 31 AD2d 700, 701, *affd* 24 NY2d 912). Therefore, questions of fact exist as to whether Jackson was negligent and whether the defendant is liable for his negligence. Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.