■ ANTHONY MASTROIANNI, Respondent, v INCORPORATED VILLAGE OF HEMPSTEAD, Appellant, et al., Defendant.—In an action to recover damages for, inter alia, wrongful death, the defendant Village of Hempstead appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated July 19, 1989, as denied that branch of its motion which was for summary judgment dismissing the complaint as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Village of Hempstead which was for summary judgment dismissing the complaint as asserted against it is granted, and the complaint as asserted against the defendant Village of Hempstead is dismissed.

The defendant Richard Gregory, against whom this action was already dismissed pursuant to CPLR 3211 (a) (8), was hired as a police officer by the defendant Incorporated Village of Hempstead, located in Nassau County, in 1965. During his 17-year tenure, Gregory was promoted to sergeant, was never the subject of any complaint concerning the excessive use of force, and was never reprimanded for any reason.

On September 11, 1982, one of his regularly scheduled days off, Gregory observed his wife at a gas station located in West Sayville, Suffolk County, with the plaintiff's decedent, Mustafa Koksal, under compromising circumstances. An altercation ensued between Gregory and Koksal, as a result of which Gregory filed criminal assault charges with the Suffolk County Police Department. Gregory withdrew his complaint when his wife assured him she would not see Koksal again, but on September 13, 1982, when Gregory was on vacation, his wife did not return from an errand as expected and Gregory went to search for her. He again found her in the company of Koksal, this time at a diner in Islip, also in Suffolk County. During the ensuing struggle, Gregory's gun went off and Koksal was killed. Gregory maintained to Suffolk County police called to the scene that at the time of the shooting he

was attempting to effectuate Koksal's arrest on account of the assault two days earlier.

The plaintiff seeks compensatory and punitive damages for Koksal's pain and suffering and for his wrongful death, not only from Gregory but also from the village. Alleging that Gregory acted under color of State law and within the scope of his employment as a village police officer, he interposes theories against the village premised on 42 USC § 1983, on vicarious negligence under the doctrine of respondeat superior, and on negligence in the hiring, training, supervision and retention of Gregory. He originally sought redress in the United States District Court, Eastern District of New York, but the village successfully moved for dismissal. In its oral decision in favor of the village, citing, *inter alia, Monell v New York City Dept. of Social Servs.* (436 US 658), the Federal District Court noted that the incident was "a personal affair" which belonged in State court and specified that the dismissal was without prejudice to instituting the "purely State court actions * * * in the appropriate forum".

Alleging virtually the same causes of action against both the village and Gregory, the plaintiff now seeks redress in this forum. Sometime after joinder of issue and dismissal of the action as against Gregory, the village moved for summary judgment dismissing the complaint as against it and for dismissal of the cross claim, which motion the Supreme Court denied without prejudice to renewal after completion of discovery *(see,* CPLR 3212 [f]). In addition to ruling that an award of summary judgment would be premature, the Supreme Court noted that there appeared to be a question of fact as to whether Gregory was effectuating an arrest.

As implicitly noted by the Supreme Court, the motion with respect to the cross claim is moot. Since, however, there is no indication that any facts exist which cannot now be stated but which would justify opposition to the motion and since it is otherwise clear that the village is not here liable for the acts on which this litigation is premised, we conclude that the request by the village for summary judgment dismissing the complaint should have been granted.

We note, as did the Federal District Court, that the plaintiff, as a matter of law, may not recover punitive damages from the village *(City of Newport v Facts Concerts,* 453 US 247; *Sharapata v Town of Islip,* 56 NY2d 332). Moreover, as the village urged before the Supreme Court and again on appeal, and notwithstanding that the dismissal of the action by the Federal District Court was without prejudice to the bringing

of a "State action" in a State court, the dismissal nonetheless constitutes an adjudication that the plaintiff has no Federal claim (see, 28 USC § 1331). He is thus barred by the doctrine of res judicata from seeking relief here pursuant to 42 USC § 1983 (cf., O'Brien v City of Syracuse, 54 NY2d 353, 357), especially since, as with the Federal action, there is nothing to suggest and no claim is made that Gregory's conduct constituted infliction of injury pursuant to an official village custom or policy (see, Monell v New York City Dept. of Social Servs., supra; see also, Privitera v Town of Phelps, 79 AD2d 1, 7).

The plaintiff's common-law negligence claims fare no better. We recognize that neither the fact that Gregory was off duty at the time of the shooting nor the fact that he was then beyond the geographical area of his employment is dispositive of the issue of whether he was acting within the scope of his employment so as to render the village vicariously liable for his acts (see, Frazier v State of New York, 64 NY2d 802; Alifieris v American Airlines, 63 NY2d 370; Parris v New York City Hous. Auth., 121 AD2d 436; see also, CPL 140.10). We simply rule that, on the facts of this case, about which there is no material dispute, no jury could reasonably conclude that Gregory was acting in an official capacity and on a public matter while at the diner (cf., Alifieris v American Airlines, supra, at 376-378). In light of the plaintiff's failure to come forward with or suggest the existence of any facts to overcome those which establish that Gregory's hiring, training and retention were in accordance with acceptable standards, there is no basis for imposing liability on the village on account of substantive negligence. Since there is no theory which conforms with the facts on which the plaintiff could recover damages from the village, the complaint must be dismissed. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.