■ KIM MCDOWELL, as Administratrix of the Estate of SHARON WALKER, Deceased, Respondent, v CITY OF NEW YORK, Appellant, and RUDOLPH HAYS, Respondent. [616 NYS2d 788] —In an action to recover damages for the wrongful death of the plaintiff's intestate, the defendant City of New York appeals from so much of a judgment of the Supreme Court, Queens County (Berkowitz, J.), entered September 23, 1992, as, upon a jury verdict, is in favor of the plaintiff and against the City of New York.

Ordered that the judgment is reversed insofar as appealed from, on the law, with one bill of costs, and the complaint is dismissed as asserted against the defendant City of New York.

When the plaintiff invokes the doctrine of respondeat superior, the "[p]laintiff has the burden of establishing by a fair preponderance of the credible evidence that the act complained of occurred while [defendant police officer] was acting within the scope of his employment for the City of New York" (Hacker v City of New York, 26 AD2d 400, 402-403, affd 20 NY2d 722, cert denied 390 US 1036; see also, Clarke v City of New York, 178 AD2d 458; Mastroianni v Incorporated Vil. of Hempstead, 166 AD2d 560). Here, the plaintiff has failed to establish that the defendant Rudolph Hays was acting within the scope of his employment as a New York City police officer when, while off-duty, he shot the plaintiff's decedent, Sharon Walker (see, Joseph v City of Buffalo, 83 NY2d 141; Hacker v City of New York, 26 AD2d 400, supra; see generally, Mastroianni v Incorporated Vil. of Hempstead, supra). Accordingly, since there is no rational basis to support the jury verdict, the

judgment against the City of New York must be reversed and the complaint dismissed insofar as it is asserted against the City. Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.