■ RICHARD DAVIS, Respondent, v CITY OF NEW YORK, Appellant. [641 NYS2d 275] —Judgment, Supreme Court, Bronx County (David Levy, J.), entered January 27, 1995, which, after a jury trial, awarded plaintiff the principal sum of $1,200,000, unanimously reversed, on the law and the facts, without costs, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff relies on the doctrine of respondeat superior as the basis of his recovery against the defendant-appellant municipality. The rule is well settled that when a plaintiff invokes the

doctrine of respondeat superior, the plaintiff has the burden of establishing by a fair preponderance of the credible evidence that the act complained of occurred while the defendant's employee was acting within the scope of his employment with the City of New York (*McDowell v City of New York*, 208 AD2d 507). It has been stated that "[r]egardless of the way the rule is phrased, an employee's actions are not within the scope of employment unless the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business. Thus, where an employee's conduct is brought on by a matter wholly personal in nature, the source of which is not job related, his actions cannot be said to fall within the scope of his employment" (*Stavitz v City of New York*, 98 AD2d 529, 531).

In this case, the credible evidence demonstrated that the actions of defendant's employee, in this matter of an off duty correction officer, were dictated solely by personal motives. The facts that the correction officer in question was permitted to carry a weapon while off duty and arrested the plaintiff are, under the circumstances of this case, irrelevant. The officer acted irresponsibly upon becoming angry, because he perceived that plaintiff had cut in front of him in line at a McDonald's restaurant. Thus, there was absolutely no basis upon which to conclude that the correction officer was acting within the scope of his employment when the incident occurred. Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ.