■ ANNA PEKARSKY, as Administrator of the Estate of LEONID I. PEKARSKY, Deceased, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [659 NYS2d 496] —In an action, *inter alia,* to recover damages for wrongful death, the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Rappaport, J.), dated January 11, 1996, as, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $850,300.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the complaint is dismissed insofar as it is asserted against the defendant City of New York.

On September 5, 1990, at approximately 9:00 P.M., the defendant Kenneth L. Bradley, a Deputy Inspector of the New York City Police Department, was involved in a minor traffic accident with the plaintiff's intestate, Leonid Issak Pekarsky. At the time of this incident, Bradley was off-duty and on vacation. Bradley exited his vehicle to ascertain the damage and walked over to Pekarsky's vehicle. He admitted that he did not intend to issue a summons or effect an arrest. Bradley then observed Pekarsky reach under his seat. Fearing that Pekarsky was going to retrieve a weapon, Bradley drew his service revolver, indicated that he was a police officer, and displayed his badge. Pekarsky exited his own vehicle and, allegedly, advanced toward Bradley with a tire iron. When Pekarsky raised the tire iron, Bradley fired his weapon, causing Pekarsky's death.

To invoke the doctrine of respondeat superior, the "[p]laintiff has the burden of establishing by a fair preponderance of the credible evidence that the act complained of occurred while [the defendant police officer] was acting within the scope of his employment for the City of New York" *(Hacker v City of New York,* 26 AD2d 400, 402-403, *affd* 20 NY2d 722; *see also, McDowell v City of New York,* 208 AD2d 507; *Clarke v City of New York,* 178 AD2d 458; *Mastroianni v Incorporated Vil. of Hempstead,* 166 AD2d 560). Here, the jury verdict against the City of

New York cannot be sustained because the plaintiff failed to establish that the defendant Kenneth Bradley was acting within the scope of his employment with the New York City Police Department at the time of the incident *(see, McDowell v City of New York, supra; Clarke v City of New York, supra)*. Bradley was not acting in an official capacity on a police matter when he approached Pekarsky's vehicle, and was not acting in furtherance of his duties as a police officer when he fired his gun. Mangano, P. J., Copertino, Florio and McGinity, JJ., concur.