■ ESAM MOUSTAFFA, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [676 NYS2d 159] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about September 17, 1997, which granted the motion of defendant City of New York for summary judgment dismissing plaintiff's complaint as asserted against it, unanimously reversed, on the law, without costs, summary judgment denied and the complaint reinstated.

The motion court erred in granting defendant City summary judgment, where the City failed to offer any evidentiary proof whatsoever in satisfaction of its initial burden to produce admissible evidence demonstrating that no triable issues of fact exist as to plaintiff's claims (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). With reference to the respondeat superior claim, not only is determination as a matter of law generally inappropriate (*see, Frazier v State of New York*, 64 NY2d 802, 803; *Riviello v Waldron*, 47 NY2d 297, 302-303), there was no proof in this record tending to establish that the individual defendants acted outside the scope of their employment (*see, Davis v City of New York*, 226 AD2d 271; *Pekarsky v City of New York*, 240 AD2d 645, *lv denied* 91 NY2d 806). Indeed, the only related proof in the record was that submitted by plaintiff opposing summary judgment and consisting of deposition testimony by defendant Martin to the effect that she was acting within the scope of her duties. References to Martin's credibility and her criminal conviction for assaulting plaintiff do not suffice as proof, since credibility is not at issue on summary judgment (*Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 341; *Communications & Entertainment Corp. v Hibbard Brown & Co.*, 202 AD2d 191), and a conclusive determination as to the facts presented and the issues decided in the assault conviction is precluded here for lack of record evidence.

With reference to plaintiff's negligent-training claim, the City failed to offer evidence either as to the training actually provided to the individual defendants or as to whether any such training was the result of an informed, duly-considered municipal decision (*see, Weiss v Fote*, 7 NY2d 579; *Appelbaum v County of Sullivan*, 222 AD2d 987), instead relying on counsel's bare assertion that defendants' graduation from the correction officers training program establishes per se the adequacy of their training. Consequently, defendant City's reli-

ance on *Weiss v Fote* (*supra*), is inapposite. Concur—Milonas, J. P., Williams, Tom and Andrias, JJ.