■ Aristedes Valentin, Respondent, v Candy Corner, Foster Avenue Corp., et al., Defendants, and New York City Transit Authority, Appellant. [678 NYS2d 382] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered July 3, 1997,

which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $150,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

On October 31, 1981, the plaintiff, while in an arcade, was accidentally shot in the back by the defendant Benjamin Wilson, a New York City Transit Authority Police Officer. Wilson was off-duty and was moonlighting as a game-room attendant at the time of the incident. The altercation which led to the shooting involved an individual who is not a party to this action.

To invoke the doctrine of respondeat superior, the "[p]laintiff has the burden of establishing by a fair preponderance of the credible evidence that the act complained of occurred while [the defendant police officer] was acting within the scope of his employment for the City of New York" (*Hacker v City of New York,* 26 AD2d 400, 402, *affd* 20 NY2d 722, *cert denied* 390 US 1036; *see also, McDowell v City of New York,* 208 AD2d 507). Here, the jury verdict as against the New York City Transit Authority cannot be sustained because the plaintiff has failed to establish that Wilson was acting within the scope of his employment with the New York City Transit Authority Police Department (*see, Pekarsky v City of New York,* 240 AD2d 645; *see also, McDowell v City of New York, supra*). Bracken, J. P., Ritter, Thompson and Krausman, JJ., concur.