■ OLIVE JOHNSON, as Administrator of the Estate of JACK JOHNSON, JR., Deceased, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [702 NYS2d 636] —In an action to recover damages for wrongful death and personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Douglass, J.), entered May 13, 1998, as, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $1,204,014.00.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the complaint is dismissed insofar as asserted against the defendant City of New York, and the action against the remaining defendant is severed.

The plaintiff's decedent, Jack Johnson, Jr., was shot and killed by the defendant Noel Barnett, an off-duty New York City police officer. Barnett was subsequently convicted of manslaughter as a result of the incident. The plaintiff commenced this action against the City of New York and Barnett and, following a trial, the jury rendered its verdict in favor of the plaintiff and against the defendants.

Contrary to the plaintiff's contention, the evidence failed as a matter of law to establish that Barnett was acting within the scope of his employment (*see, Davis v City of New York,* 226 AD2d 271, 272; *Pekarsky v City of New York,* 240 AD2d 645). Barnett precipitated the fatal incident by approaching Johnson, and he testified at trial that he had fought with Johnson and his friends before the shooting. Barnett's testimony that he employed his police training and that he believed that he was acting as a police officer, is conclusory (*see, Pekarsky v City of New York, supra*). Thus, viewing the evidence in the light most

favorable to the plaintiff, it failed to establish that Barnett was acting in an official capacity or in furtherance of his official duties (*see, Stavitz v City of New York,* 98 AD2d 529, 531). Accordingly, the judgment must be reversed, the complaint is dismissed insofar as asserted against the City, and the action against the remaining defendant is severed. Sullivan, J. P., Friedmann, Feuerstein and Smith, JJ., concur.