OPINION OF THE COURT
Donald Scott Kurtz, J.
Defendant Harry Antoine moves pursuant to CPLR 4404 to set aside and/or modify the jury’s verdict on damages in this personal injury action. Defendant City of New York (hereinafter, the City) purports to move to set aside the jury’s verdict on liability as a matter of law, or alternatively, for a new trial on liability and to set aside the jury’s verdict on damages for past pain and suffering as excessive, or alternatively, to reduce the amount of damages awarded by the jury.
The unified trial of this action was held between February 14, 2001 and February 26, 2001 and involved various causes of action for assault, battery and false arrest brought by the two plaintiffs, Robert Becker and Philip Becker, against one or more of the defendants, the City, Harry Antoine and Alfred *195 Johnson. Defendant Antoine also brought a counterclaim for personal injuries against plaintiff Robert Becker. On February 26, 2001, the jury returned a verdict finding the defendant Antoine committed a battery upon plaintiff Robert Becker; that Antoine was acting within the scope of his employment at the time, thereby finding the City responsible for the acts of its employee; and, on the counterclaim, that plaintiff Robert Becker committed a battery upon defendant Antoine. All claims of false arrest were rejected by the jury, as were all claims made by plaintiff Philip Becker and all claims made against defendant Alfred Johnson. The jury awarded $250,000 damages to plaintiff Robert Becker for past pain and suffering and awarded nothing to defendant Antoine on his counterclaim.
After the announcement of the verdict and discharge of the jury, counsel for each of the defendants made an application to the court for an extension of the time allowed by CPLR 4405 for the making of posttrial motions. The court granted the applications and instructed all parties to make any and all post-trial motions within 30 days. The court instructed the parties to include in their posttrial motions any issues or motions upon which the court reserved decision during the trial. The parties were further advised, pursuant to local court rules in effect at the time, that all posttrial motions were to be made returnable in Special Term Part I and would be referred to this court for determination.[1]
Defendant Antoine had the present motion timely served on all parties on March 27, 2001, filed in the Special Term clerk’s office on March 30th, and made returnable in Special Term Part I on April 12th. A review of the Special Term Part I records reveals that on April 12th, the motion was adjourned to June 27th. On June 27th , the motion was marked off calendar for nonappearance of the movant. On September 12th, the motion was presumably restored to the calendar by stipulation, although there is no such notation on the calendar, and was adjourned to December 11th. On December 11th, the motion was adjourned to March 13, 2002 on which date it was finally marked “submitted” and referred to this court for determination (nearly a full year after the date fixed by the court for submission of all posttrial motions).
The City, however, has not to this date properly filed a post-trial motion. Counsel for the City did have delivered to this court’s chambers a copy of a purported motion with a covering letter dated March 28, 2001 which states, in part, “I have enclosed a courtesy copy of the post-trial motion which was also *196 filed with motion support. I have noticed the motion for an April 9th 2001 return date.” However, a review of the court’s file and the records and calendars of the Special Term Part I clerk’s office reveals that no such motion was ever filed or calendared in this court. It should be noted that there is no office in the Civil Court, Kings County, known as “motion support” as referred to in counsel’s covering letter. It is unclear where, in fact, the City’s purported motion was filed, if anywhere. Counsel for the City has been unable to provide the court with any proof, such as a stamped copy, that the motion was, in fact, duly filed with the Special Term Part I clerk’s office.
Although it appears from an affidavit of service attached to the court’s “courtesy copy” of the purported motion that copies were served on both plaintiffs counsel and defendant Antoine’s counsel, such service does not constitute filing of the motion and does not place the motion on the court’s calendar. Uniform Rules for New York City Civil Court § 208.10 provides, in pertinent part: “no motion shall be placed on the calendar for hearing in the appropriate part unless a notice of motion is served and filed with the motion papers.” (Emphasis added.) Moreover, it was the obligation of counsel to track the status of his purported motion. As recited above, defendant Antoine’s motion appeared on the Special Term Part I calendar on no fewer than five dates over the course of the year following the verdict in this case. If it had been discovered that due to inadvertence or mistake, the City’s motion never appeared on a calendar, counsel could have asked this court for a further extension of time to file his motion. No such application was ever made.
Notwithstanding the City’s blatant disregard for the Uniform Rules for New York City Civil Court, the CPLR and this court’s explicit time frame for the filing of posttrial motions in this action, the court will, nevertheless, consider the City’s motion on its merits. It appears that the City’s motion papers were timely served on all parties and plaintiff’s opposition papers to defendant Antoine’s motion address the City’s motion as well, thereby indicating a lack of prejudice to the plaintiff.[2]
Motion to Set Aside or Modify Jury’s Verdict on Counterclaim
Defendant Antoine moves to set aside or modify that portion of the jury’s verdict which awarded no compensation to defen *197 dant Antoine for pain and suffering sustained as a result of the battery committed by plaintiff Robert Becker. Defendant Antoine contends that an award of no compensation is not supported by the evidence and is inconsistent with the jury’s finding that a battery was, in fact, committed by plaintiff Robert Becker upon defendant Antoine. This court disagrees.
For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence, there must be no valid line of reasoning or permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the evidence presented at trial. (See Mirand v City of New York, 84 NY2d 44 [1994].) Here, the jury heard testimony that Antoine’s injury to his ear occurred not when he was struck by plaintiff Robert Becker, but rather when he struck his head as he entered his automobile. Moreover, although the Brookdale Hospital record, which was admitted into evidence, described the laceration which defendant Antoine sustained to his left ear, there was a complete lack of medical testimony to establish the causal connection between the injury sustained by defendant Antoine and the battery committed by Robert Becker. Therefore, the jury could have reasonably concluded that defendant Antoine’s injury was not the result of the battery. Since it cannot be said that the jury’s verdict of no damages was either without basis in fact or was palpably wrong, the motion to set aside or modify that portion of the jury’s verdict is denied. (See Libman v McKnight, 204 AD2d 856 [3d Dept 1994], lv denied 84 NY2d 812 [1995].)
Motion to Set Aside Liability Verdict — Scope of Employment
The City moves to set aside the jury’s verdict on liability in favor of the plaintiff, and, more specifically, asks the court to find as a matter of law that defendant Antoine, at the time of this incident, was not acting within the scope of his employment as a New York City police officer. This motion was first made orally by the City at the conclusion of plaintiffs’ case. The court heard extensive oral argument on the record at that time and reserved decision on the motion. After the verdict was announced, the City renewed its motion and the court directed the parties to address this issue in their posttrial written motions.
It is a well-settled rule that where, as here, the plaintiff invokes the doctrine of respondeat superior in an attempt to hold the City liable, the plaintiff has the burden of establishing by a fair preponderance of the credible evidence that the act complained of occurred while the defendant police officer was acting within the scope of his employment for the City of New York. (See McDowell v City of New York, 208 AD2d 507 [2d *198 Dept 1994], lv denied 88 NY2d 804 [1996].) However, to be entitled to judgment as a matter of law, the defendant movant has the burden of showing that the plaintiffs case was deficient as a matter of law, i.e., that the plaintiff failed to make out a prima facie case and that there was no rational process by which the jury could find for the plaintiff as against it. In so deciding, the plaintiff is entitled to the benefit of the most favorable inferences which can reasonably be drawn from the evidence. (See Singer v Long Is. Light. Co., 211 AD2d 779 [2d Dept 1995]; Vigilant Ins. Co. v Rippner Elec. Constr. Corp., 196 AD2d 494 [2d Dept 1993].)
The evidence as adduced at the trial and viewed in the light most favorable to the plaintiff revealed that on August 27, 1986 at about 5:30 a.m., plaintiff Robert Becker was driving his employer’s suburban truck with his brother, Philip Becker, in the passenger seat. At some point, he was cut off by a vehicle driven by defendant Harry Antoine. Defendant Antoine was driving his sister’s car at the time and was on his way to the 73rd Precinct to report for his tour of duty as a New York City police officer. Antoine was in plain clothes at the time. As a result of being cut off, Becker was forced to slam on his brakes in order to avoid an accident. This occurred a second time and again a third time at which point Becker was unable to stop in time and his vehicle came into contact with Antoine’s vehicle.
Immediately following the collision, Robert Becker exited his vehicle and walked to the front of the truck to examine it for damage. As Becker approached the front of his vehicle, Antoine exited from his vehicle and came toward Becker with his fists raised. The two men exchanged a series of punches. As the fight progressed, the men moved back towards the door of Antoine’s vehicle. Antoine attempted to enter his vehicle, striking his head on the door frame. Becker noticed Antoine appear to reach for something inside the car. Believing Antoine was reaching for a weapon of some kind, Becker jumped into the front seat of Antoine’s vehicle and grabbed Antoine’s right wrist which at this point was holding a gun. Becker recognized the gun to be an off-duty service revolver and asked Antoine if he was a police officer. At this point, Antoine identified himself to be a police officer and Becker released his grip on Antoine’s wrist and backed out of the vehicle. Antoine exited the vehicle as well pointing his revolver at Becker. Becker began backing up towards his truck with his hands raised in the air. Antoine then pulled out his badge, called out to bystanders that he is a police officer and asked them to call 911. It is at this point, plaintiff alleges, that the battery took place.
Antoine grabbed Becker by the shirt and pushed him up against the hood of the truck. When Antoine noticed that he *199 was bleeding from his ear, he struck Becker numerous times in the face and on the side of his head with his revolver. Becker then turned around and leaned across the hood of the truck and Antoine struck him several more times with his revolver on the back of the head. At this point, uniformed police officers arrived at the scene. Becker was then handcuffed by one of the uniformed officers. His legs were grabbed and pulled by one of the uniformed officers and he fell striking his face on the ground. While on the ground and handcuffed, Antoine kicked Becker in the face above his eye. Antoine then attempted to lift Becker by the handcuffs and drag him to a police car. Antoine then dropped Becker and his face struck the ground again. Becker was eventually taken to the 73rd Precinct where his arrest was processed.
The evidence further revealed, and the City does not dispute, that Antoine was named on police department documents as the arresting officer. Moreover, admitted into evidence during the trial without objection was a document referred to as a Line of Duty Injury Report. This report, prepared by a police department supervisor, recommended that Antoine receive approval for a line of duty injury. Antoine, in fact, received two days paid leave for the injuries he sustained during this incident.
It is the City’s position on this motion that because defendant Antoine’s actions were brought about by a matter wholly personal in nature, i.e., a motor vehicle accident, whatever occurred thereafter cannot, as a matter of law, be considered as being within the scope of Antoine’s employment as a New York City police officer. The City cites a number of cases in support of its position, but concedes that each case is fact specific. (See Pekarsky v City of New York, 240 AD2d 645 [2d Dept 1997], lv denied 91 NY2d 806 [1998]; Johnson v City of New York, 269 AD2d 359 [2d Dept 2000], lv denied 95 NY2d 755 [2000]; Cardona v Cruz, 271 AD2d 221 [1st Dept 2000]; Davis v City of New York, 226 AD2d 271 [1st Dept 1996], lv denied 88 NY2d 815 [1996]; Stavitz v City of New York, 98 AD2d 529 [1st Dept 1984]; Turk v McCarthy, 661 F Supp 1526 [ED NY 1987].) Each of the cases cited by the City holds that under the specific facts therein, the plaintiff in each case failed to establish that the officer involved was acting within the scope of his authority at the time of the incident.
What distinguishes the instant case from each of the cases cited by the City is twofold. First, although this incident arose initially as a result of the motor vehicle accident, the acts complained of by plaintiff, namely, the battery committed by defendant Antoine, occurred after plaintiff had “surrendered” to the police officer, had been placed into custody and *200 handcuffed. Second, unlike in any of the cases cited by the City, the evidence in this case included a finding by an official of the New York City Police Department, charged with the duty to investigate such incidents and to make such findings, that at the time of this incident, defendant Antoine was acting in the line of duty.
Other courts have held that whether or not a defendant was acting within the scope of his employment at the time of an incident is not a determination which should be made as a matter of law. (See Frazier v State of New York, 64 NY2d 802 [1985]; Moustaffa v City of New York, 252 AD2d 472 [1st Dept 1998]; Figueroa v New York City Hous. Auth., 232 AD2d 293 [1st Dept 1996]; Perez v City of New York, 1996 WL 103836, 1996 US Dist LEXIS 2812 [SD NY 1996]; see also, Savarese v City of New York Hous. Auth., 172 AD2d 506 [2d Dept 1991].) In Figueroa, involving facts strikingly similar to the instant case, the Appellate Division, First Department, stated (at 294):
“An issue of fact exists as to whether defendant’s police officer was acting within the scope of his employment when he allegedly assaulted plaintiff during a traffic dispute. Even if off-duty at the time, as defendant asserts, plaintiff asserts the officer’s actions, which allegedly included his identifying himself as a police officer, displaying his badge, telling plaintiff to hand over a gun he mistakenly believed plaintiff was carrying, searching and detaining plaintiff, summoning the New York City police as backups, and holding plaintiff at gunpoint until the backups arrived, could indicate that he was acting within the scope of his official duties.”
In view of the foregoing, the City’s motion to set aside the jury’s liability verdict as a matter of law is denied. The issue of whether or not defendant Antoine was acting within the scope of his employment when he committed a battery upon the plaintiff was properly one for the jury to determine.
Motion to Set Aside or Reduce Damages Verdict
Defendants Antoine and the City move to set aside the jury’s award of $250,000 as damages for past pain and suffering as excessive, or alternatively, to reduce the amount of damages awarded by the jury.
The evidence adduced at the trial revealed that as a result of the battery committed upon him, plaintiff Robert Becker sustained a three-quarter centimeter laceration to his left ear; a three-quarter centimeter laceration to the right side of his neck; a three centimeter C-shaped laceration to the bridge of *201 his nose; a two centimeter laceration to the occipital area of the scalp; multiple facial contusions; periorbital swelling; edema of the right eye; and swelling over both cheeks. Becker was taken to St. Mary’s Hospital in Brooklyn where his wounds were cleansed, debrided and sutured. He received a total of 14 stitches for the lacerations he sustained and remained in the hospital for three days. The stitches were ultimately removed and a C-shaped scar is present on the bridge of his nose.
In addition to the above physical injuries, plaintiff also testified to the humiliation and fright he suffered as a result of this incident. Damages for such injuries are recoverable in cases of this type. (See Williams v Underhill, 63 App Div 223 [1st Dept 1901]; Beck v Libraro, 220 App Div 547 [2d Dept 1927]; Cohen v Varig Airlines, 62 AD2d 324 [1st Dept 1978].)
The statutory authority to set aside a jury verdict is contained in CPLR 4404 (a) which provides in pertinent part: “After a trial of a cause of action * * * upon the motion of any party or on its own initiative, the court may set aside a verdict * * * or it may order a new trial of a cause of action * * * where the verdict is contrary to the weight of the evidence * * * .” A jury verdict on damages may be set aside if the award “deviates materially from what would be reasonable compensation.” (CPLR 5501 [c]; see also O’Connor v Graziosi, 131 AD2d 553 [2d Dept 1987], lv denied 70 NY2d 613 [1987]; Hernandez v City of New York, 156 AD2d 641 [2d Dept 1989].) “Where the verdict of a jury is contrary to the weight of the evidence, or where it is excessive or inadequate, the trial court is vested with the power, and has the duty, to set it aside and to order a new trial.” (Senko v Fonda, 53 AD2d 638 [2d Dept 1976].) In determining the inadequacy or excessiveness of an award, a review of prior verdicts involving similar injuries, although in no way binding upon the court, may guide and enlighten the court and, in a sense, may constrain it. (See Senko v Fonda, supra; Mullady v Brooklyn Hgts. R.R. Co., 65 App Div 549 [2d Dept 1901].)
The court has reviewed prior cases with similar injuries and has determined that the award herein of $250,000 for past pain and suffering is beyond what is reasonable compensation for the injuries suffered by the plaintiff. (See Perry v City of New York, 115 AD2d 376 [1st Dept 1985]; Reid v City of New York, XVIII NY Jury Verdict Reporter 2-20 [Civ Ct, Kings County 2000]; Byrd v New York City Tr. Auth., 172 AD2d 579 [2d Dept 1991].) Consequently, this court shall set aside the damages verdict and grant a new trial on damages unless the plaintiff, Robert Becker, stipulates to accept an award for past pain and suffering in the amount of $150,000.
Accordingly, defendant Antoine’s motion to set aside or modify that portion of the jury’s verdict which awarded no *202 compensation to defendant Antoine for pain and suffering is denied. The City’s motion to set aside the jury’s verdict on liability in favor of the plaintiff and asking the court to find as a matter of law that defendant Antoine, at the time of this incident, was not acting within the scope of his employment is likewise denied. Defendants’ motion to set aside the jury’s award of $250,000 as damages for past pain and suffering as excessive, or alternatively, to reduce the amount of damages awarded by the jury is granted and a new trial on the issue of damages is ordered, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Civil Court, Kings County, a written stipulation consenting to reduce the verdict on damages for’Robert Becker to $150,000 for past pain and suffering. In the event that the plaintiff so stipulates, then the judgment as reduced and amended shall be entered by the clerk of the court accordingly. All motions upon which the court reserved decision during the trial which are not decided herein are denied.

. Partly as a result of this case, this local court rule has been changed. All posttrial motions will now be made returnable directly to the trial judge.

. The court will not, however, accept or consider the City’s reply papers. (See CPLR 2214.) The court denied the City’s application, made on March 13, 2002, the final calendar date of defendant Antoine’s motion, for leave to submit reply papers to plaintiffs opposition papers, which were served on the City’s attorney at its Jay Street, Brooklyn office on December 10, 2001. The City’s application, made over three months later, was clearly untimely.