Gardner v Consolidated Edison Co. of N.Y., Inc. (2020 NY Slip Op 00980)





Gardner v Consolidated Edison Co. of N.Y., Inc.


2020 NY Slip Op 00980


Decided on February 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2020

Friedman, J.P., Renwick, Kern, Oing, JJ.


10981 153937/12

[*1] Venisha Gardner, Plaintiff-Appellant,
v
Consolidated Edison Company of New York, Inc., Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondent.



Order, Supreme Court, New York County (Richard F. Braun, J.), entered January 3, 2018, which granted defendant's motion to set aside a jury verdict in favor of plaintiff, and dismissed the complaint, unanimously affirmed, without costs.
The trial evidence was insufficient as a matter of law to support the jury's verdict that defendant (Con Ed) was responsible for the injury plaintiff received when she bumped into a trash bag containing broken fluorescent bulbs in the store where she was working (see Cohen v Hallmark Cards , 45 NY2d 493, 499 [1978]). Even if there was sufficient evidence to show that the person who changed the bulb and then discarded it in the bag was a Con Ed employee, plaintiff presented no evidence that the
person was acting within the scope of his employment (see Davis v City of New York , 226 AD2d 271 [1st Dept 1996], lv denied 88 NY2d 815 [1996]). Indeed, Con Ed presented unrefuted evidence that its employees did not change light bulbs, that its service ended at the building wall, that it did not own or maintain electrical equipment inside the building, that independent contractors provided the services for the energy efficiency program it sponsored, and that the subject building was not enrolled in that program at the time of the accident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2020
CLERK