■ MARILYN COLON, as Guardian ad Litem of HECTOR CO-MACHO, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, Bronx County (Howard R. Silver, J.), entered on or about April 25, 1988, which granted summary judgment to defendant Board of Education of the City of New York, is unanimously affirmed, without costs.

Defendant Board of Education's duty to students arises from its physical custody over them *(Pratt v Robinson,* 39 NY2d 554). When that custody ceases, and the child passes out of the school's authority such that the parent is free to reassume control, the school's custodial duty ceases *(Pratt v Robinson, supra,* at 560). Here there has been no showing whatever by plaintiffs to connect the actions of defendant Villanueva, which allegedly took place in his apartment, with that of the Board of Education. The circumstantial nature of the infant plaintiff's presence at the school where he first made contact with the defendant Villanueva is not sufficient to sustain the claim of negligence.

· Appellants' claim that further discovery should be conducted prior to any granting of summary judgment is also without merit. No demonstration has been made concerning the reason for the four-year hiatus in discovery after the institution of suit, nor has any showing been made as to what further discovery might disclose.

We have reviewed the remainder of the plaintiffs' arguments and find them to be without merit. Concur—Kupferman, J. P., Milonas, Kassal and Ellerin, JJ.