■ GREGORY M. LEMP, Appellant, v SCOTT J. LEWIS et al., Respondents. [641 NYS2d 158] —Spain, J. Appeal from an order of the Supreme Court (Best, J.), entered January 17, 1995 in Montgomery County, which granted a cross motion by defendant Susan M. Cotugno, individually and doing business as Escapades, for summary judgment dismissing the complaint against her.

In August 1992 defendant Scott J. Lewis was employed by defendant Susan M. Cotugno, individually and doing business as Escapades, as a part-time doorman/bouncer at Escapades, a bar in Caroga Lake, Fulton County. In the early morning hours of August 23, 1992, after exiting Escapades at closing time with a group of friends, plaintiff was present when a member of his group was involved in a physical altercation with an acquaintance of Lewis, who had also been a patron at Escapades. Following the altercation, which occurred in a parking lot across the street from Escapades, the acquaintance returned to Escapades and was given assistance by Lewis and Cotugno; Lewis left Escapades with the acquaintance and Cotugno locked up the bar. Lewis drove approximately 20 miles to a convenience store in Palatine Bridge, Montgomery County, where he met plaintiff in the store's parking lot and an altercation ensued; Lewis punched plaintiff in the face, resulting in plaintiff sustaining serious injuries.

Plaintiff commenced this action in July 1993 asserting causes of action against Lewis for intentional and negligent assault and against Cotugno for, *inter alia*, the negligent hiring of Lewis. Cotugno served a timely answer and issue was joined with respect to Cotugno. Lewis, however, failed to serve an answer and plaintiff moved for a default judgment against Lewis; in response to plaintiff's motion, Cotugno cross-moved for an order granting summary judgment. Supreme Court, subsequent to granting plaintiff's request for a default judgment against Lewis, granted Cotugno's cross motion and dismissed the remainder of the complaint. Plaintiff appeals.

We affirm. Assuming, arguendo, that Cotugno knew or should have known that Lewis posed a danger to others (*see, McCrink v City of New York*, 296 NY 99; *Farrell v McIntosh*, 221 AD2d 312; *Haddock v City of New York*, 140 AD2d 91, *affd* 75 NY2d 478; *Baker v City of New York*, 25 AD2d 770), it remains plaintiff's obligation to prove that Cotugno's alleged negligent hiring was the proximate cause of his injuries (*see, Ford v Gildin*, 200 AD2d 224, 227). In our view, Supreme Court was correct in its determination that "Lewis was not acting within the scope of his employment at the time of the alleged assault". The incident wherein plaintiff was injured occurred after Lewis had left the place of his employment, traveled approximately 20 miles over the course of 30 minutes and confronted plaintiff; Lewis was off duty and no longer under Cotugno's supervision and control. In our view the foregoing circumstances support the conclusion that any nexus between Cotugno's hiring of Lewis and Lewis' assault upon plaintiff was severed by time, distance and Lewis' intervening independent actions (*see, supra*).

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.