■ K. I. et al., Respondents, v NEW YORK CITY BOARD OF EDUCATION, Appellant, et al., Defendant. [683 NYS2d 228] —Order, Supreme Court, New York County (Jane Solomon, J.), entered June 5, 1997, denying defendant-appellant's cross-motion to dismiss the complaint for failure to state a cause of action or for summary judgment, unanimously reversed, on the law, without costs, the cross-motion granted, and summary judgment awarded to defendant-appellant. The Clerk is directed to enter judgment in favor of the defendant-appellant dismissing the complaint.

Plaintiff* K. I. brought this lawsuit against the New York City Board of Education (the Board or defendant), seeking to hold it liable for his sexual molestation by a volunteer teacher, co-defendant Jan Harpes (Harpes). Plaintiff was a fifth-grade student at P.S. 84 during the 1990-1991 school year. In connection with a comic book design project she was conducting with her class, plaintiff's fifth-grade teacher introduced them to her friend and neighbor, Jan Harpes, who worked as an illustrator for Marvel Comics and D.C. Comics. Based on the teacher's recommendation and his own interview with Harpes, the principal permitted Harpes to work with the class as a volunteer art teacher under the teacher's supervision. He did not do a background check, as such was not part of school policy towards volunteers.

After completing the comic book project, plaintiff's class worked on creating a newspaper. His homeroom teacher assigned him to interview Harpes for the newspaper. She arranged two or three interviews, which took place in the assistant principal's office. During one of these interviews, Harpes offered to bring plaintiff to visit his office at D.C. Comics for further interview material. With his teacher's encouragement, and his mother's permission, plaintiff visited Harpes' office. Nothing untoward happened at this time.

A couple of weeks later, with plaintiff's mother's permission, Harpes picked up plaintiff after school, took him to his apartment and sexually molested him, later telling plaintiff to say nothing about the incident. On some occasions, Harpes asked plaintiff's mother for permission to take the boy out to stores and movies after school. According to plaintiff's mother, she trusted Harpes because he was someone from the school and plaintiff had not yet disclosed the sexual abuse. Plaintiff went out with Harpes between 10 and 30 times, from the middle of the fifth grade until the end of the sixth grade in 1992. Each time, Harpes brought him to his apartment and molested him. Plaintiff did not tell his mother that the outings involved a visit to Harpes' apartment and sexual abuse. Meanwhile, plaintiff's teachers knew that he and Harpes had established an out-of-school friendship, but were not involved in setting up the visits. Plaintiff's teachers seemed to believe that plaintiff's relationship with Harpes had a positive effect on the boy.

In May or June of 1992, after plaintiff had stopped seeing Harpes, the latter was arrested for molesting another child. At

---

* The infant plaintiff's mother has asserted a cause of action for loss of services and medical expenses, but for the sake of simplicity, "plaintiff" here refers to the infant.

this time, plaintiff's mother learned that Harpes had molested her son as well. They commenced this action against the Board and Harpes in 1993. (The latter has defaulted in this action.) Plaintiff sought to hold the Board liable under a theory of respondeat superior, contending that defendant was responsible for the acts of the teachers and the principal who initiated and encouraged plaintiff's relationship with Harpes. Alternatively, plaintiff argued that the Board was negligent in hiring and retaining Harpes without performing an adequate background check.

The motion court denied defendant's motion for dismissal of the complaint or alternatively for summary judgment, stating that there were issues of fact regarding whether the school was negligent in introducing plaintiff to Harpes and the extent to which the teachers encouraged their after-school relationship. Summary judgment should have been granted, because plaintiff did not make out a prima facie case of negligence.

Plaintiff does not contest defendant's assertion that the latter is not liable under respondeat superior for Harpes' own actions for several reasons. First, his volunteer duties had ended by the time he began molesting plaintiff. Respondeat superior cannot exist without a present employer-employee relationship (*Loucks v Community Home Care Servs.*, 209 AD2d 484, 484-485). Second, his tortuous conduct was outside the scope of his volunteer work at the school (*see, Cornell v State of New York*, 46 NY2d 1032, 1033, *rearg denied* 47 NY2d 951 [hospital not liable for attendant's rape of patient]). Finally, it occurred after school hours and outside school property (*see, Lemp v Lewis*, 226 AD2d 907, 908).

Instead, plaintiff seeks to hold the Board vicariously liable for the alleged negligence of plaintiff's teachers and school principal in recommending Harpes, availing themselves of his volunteer services, and encouraging the relationship between him and plaintiff. This cause of action must fail. With respect to plaintiff's fifth-grade teacher, "[t]he mere recommendation of a person for potential employment is not a proper basis for asserting a claim of negligence where another party is responsible for the actual hiring" (*Cohen v Wales*, 133 AD2d 94, 95, *lv denied* 70 NY2d 612).

Whether or not the principal could have been more thorough in checking Harpes' background, his actions do not support a claim of negligent hiring because a routine background check would not have revealed his propensity to molest minors (*Curtis v County of Oneida*, 248 AD2d 999; *Stevens v Lankard*, 31 AD2d 602, 603, *affd* 25 NY2d 640). Plaintiff points to nothing

which would have been revealed by checking Harpes' criminal history. Having interviewed Harpes and having obtained a reference from plaintiff's teacher, the principal had no duty to investigate further, in the absence of facts which would lead a reasonably prudent person to suspect the prospective volunteer of dangerous propensities (*Kenneth R. v Roman Catholic Diocese*, 229 AD2d 159, 163, *cert denied* 522 US 967). Similarly, vague allegations that the teachers "encouraged" plaintiff's personal relationship with Harpes do not suffice to impose liability on the Board, as it would not have been foreseeable to the teachers that Harpes would harm plaintiff.

It is plaintiff's obligation to show that the allegedly negligent "hiring" was the proximate cause of his injuries. Here, though it happened that plaintiff first met Harpes through the school, plaintiff's personal encounters with his abuser were not set up through school channels, and occurred in Harpes' apartment after his volunteer work at the school had ceased (*see, Colon v Board of Educ.*, 156 AD2d 131, *lv denied* 75 NY2d 708). Accordingly, defendant cannot be held liable because any nexus between Harpes' volunteer activities at the school and his assault upon plaintiff was severed by time, distance and Harpes' intervening independent actions (*see, Lemp v Lewis, supra*, at 908 [club not liable when, following altercation at club, bouncer met club patron at store 20 miles away and assaulted him]). Concur—Sullivan, J. P., Rosenberger, Wallach, Mazzarelli and Andrias, JJ.

