[681 NYS2d 900]

JACQUELINE H. MCDONALD, as Administrator of the Estate of FRANCIS MCDONALD, Deceased, Appellant, v BASIL COOK et al., Respondents, et al., Defendants. (And a Third-Party Action.)

Third Department, December 24, 1998

### APPEARANCES OF COUNSEL

*Fischer, Bessette & Muldowney, L. L. P.,* Malone (*James P. Bessette* of counsel), for appellant.

*Ryan, Orlando & Smallacombe, L. L. P.,* Albany (*David T. Luntz* of counsel), for respondents.

### OPINION OF THE COURT

SPAIN, J.

On May 24, 1993, third-party defendant, Darrell "Ducky" Barnes, allegedly shot and killed Francis McDonald (hereinafter decedent) at Barnes' home in the Town of Bombay, Franklin County; in a separate criminal proceeding Barnes was acquitted of all charges stemming from the death of decedent. The record reveals that prior to May 24, 1993 Barnes was employed as a security guard by defendant Mohawk Bingo Palace, which was owned and operated by defendants Basil Cook and Guilford White. On the day of the shooting, Barnes arrived at the Bingo Palace at 9:30 A.M. and was subsequently sent home by Cook who detected the smell of alcohol on Barnes' breath; notably, alcoholic beverages were not served at the Bingo Palace. The gun that was used to shoot McDonald was a

.357-caliber Magnum revolver which was owned and registered to the Bingo Palace.

Plaintiff, decedent's spouse, commenced this action against defendants alleging, among other things, that defendants had negligently entrusted the gun to Barnes and that defendants were negligent in hiring Barnes. Plaintiff also alleged that through their employment of Barnes and by allowing Barnes access to a gun, defendants violated several statutory provisions of the Penal Law and the General Business Law. Notably, by order dated June 17, 1996, Supreme Court (Ryan Jr., J.) entered a default judgment against Barnes. Upon completion of discovery Cook, White, the Bingo Palace and defendant Basil J. Cook Enterprises Inc. (hereinafter collectively referred to as defendants) moved for summary judgment to dismiss plaintiff's complaint against them. In a well-reasoned decision Supreme Court concluded, *inter alia*, that the evidence failed to raise an issue of fact as to defendants' negligence on any of the grounds alleged by plaintiff and, therefore, granted defendants' motion. Plaintiff appeals.

■ We affirm. Initially, we conclude that Supreme Court properly dismissed plaintiff's statutory causes of action.* Unless a cause of action is expressly provided for by the statute pleaded, no cause of action can exist unless it could be fairly implied from the statute or its legislative history (*see, Carrier v Salvation Army*, 88 NY2d 298, 302). A cause of action may be fairly implied (1) if the plaintiff is a member of the class the statute sought to protect, (2) if the legislative purpose would be furthered by recognizing a private cause of action, (3) and that the creation of such a right would be consistent with the legislative scheme (*see, Sheehy v Big Flats Community Day*, 73 NY2d 629, 633; *Uhr v East Greenbush Cent. School Dist.*, 246 AD2d 37, 38). With regard to plaintiff's reliance on Penal Law § 265.00, we conclude that insomuch as this section is definitional in nature, describing the various types of weapons governed by Penal Law article 265, it cannot be read in such a way as to provide an applicable standard of care such that a violation of it would constitute negligence. In the same regard Penal Law § 265.01, while providing a definition of criminal possession of a weapon in the fourth degree, does not suggest a standard of care from which it could be inferred that defendants were indeed negligent.

---

* Discussion of plaintiff's argument in this regard assumes that New York statutes are in some manner binding upon the Indian Tribal land (*see, Andrews v State of New York*, 192 Misc 429, *affd* 276 App Div 814).

We also reject plaintiff's contention that defendants violated Penal Law § 400.00 because they allowed Barnes to have access to the gun without requiring him to possess the proper license. Penal Law § 400.00, which governs the issuance of firearms, does not impose a standard of care upon defendants and therefore does not provide a basis for the allegation of negligence (*see, Dance v Town of Southampton*, 95 AD2d 442). Notably, Penal Law § 400.00 does not regulate the use of a gun but only the criteria necessary for granting a license to possess one. Accordingly, we conclude that Supreme Court properly dismissed plaintiff's cause of action based upon alleged statutory violations, including the alleged violations of General Business Law §§ 89-e through 89-s which were not addressed by plaintiff in the instant appeal.

■ Next, we reject plaintiff's contention that evidence in the record raises an issue of fact with respect to defendants' alleged negligence in their hiring and retention of Barnes. More specifically, plaintiff argues that defendants failed to inquire into Barnes' past and that if they had taken this step, they would have discovered that Barnes was an alcoholic and was unfit to serve as security guard. The record, however, belies plaintiff's contention. Significantly, the act which Barnes allegedly committed occurred at his own home after he had been sent home from the Bingo Palace because he smelled of alcohol. Clearly, Barnes was not acting within the scope of his employment or under defendants' supervision and control and, therefore, there is no basis by which to attribute liability to defendants (*see, Lemp v Lewis*, 226 AD2d 907, 908).

■ We also conclude that Supreme Court properly dismissed plaintiff's cause of action for negligent entrustment. " 'One who supplies * * * a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, *inexperience, or otherwise*, to use it in a manner involving unreasonable risk of physical harm to himself * * * is subject to liability for physical harm resulting to them' " (*Splawnik v Di Caprio*, 146 AD2d 333, 335, quoting Restatement [Second] of Torts § 390 [1965] [emphasis in original]). For liability to attach, the supplier must be cognizant that the individual possesses the instrumentality (*see, Gordon v Harris*, 86 AD2d 948, 949). Here, the record reveals that Barnes was not given permission by defendants to take the gun from the premises and there is no evidence to suggest that defendants knew that he had the weapon. Further, defendants presented evidence that their security officers who did not have permits to carry weapons were not allowed to carry weapons at work.

Accordingly, defendants' motion for summary judgment was properly granted.

CARDONA, P. J., MERCURE, WHITE and GRAFFEO, JJ., concur.

Ordered that the judgment is affirmed, with costs.