■ FLORENTINO CARDONA, Appellant, v EDUARDO CRUZ, Defendant, and CITY OF NEW YORK, Respondent. [705 NYS2d 368] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered February 10, 1999, which, in an action against defendant City for personal injuries sustained in an assault by a police officer, granted the City's motion for summary judgment dismissing the complaint, and denied plaintiff's cross-motion for summary judgment and to amend the complaint so as to add allegations of negligent hiring, training, supervision and retention, unanimously affirmed, without costs.

Viewed in the light most favorable to plaintiff, the record establishes that defendant police officer was acting purely out of personal motives, and not within the scope of his employment or in furtherance of the City's interests. The officer entered a restaurant while off duty and in civilian clothes, and, with his off-duty revolver in his hand, approached to within four or five feet of plaintiff, yelled and cursed at him, shot him once in the head, and then threw at him a summons and temporary order of protection issued on behalf of a woman who was the officer's ex-wife and plaintiff's girlfriend (*see, Davis v City of New York*, 226 AD2d 271, *lv denied* 88 NY2d 815; *Pekarsky v City of New York*, 240 AD2d 645, *lv denied* 91 NY2d 806; *Lucey v State of New York*, 73 AD2d 998). Accordingly, the City cannot be held liable, under a theory of respondeat superior, for those actions, notwithstanding that plaintiff knew his assailant was a police officer, and that the officer told plaintiff he was under arrest after he shot him, although no arrest was actually made.

Leave to amend the complaint was also properly denied, as plaintiff's factual allegations were insufficient to support his claim that the City was negligent in hiring, training, supervising or retaining defendant police officer (*see, Rochlin v Alamo*, 209 AD2d 499, 500). As the officer was not acting within the scope of his employment or under the City's control, any alleged deficiency in its hiring or training procedures could not have proximately caused plaintiff's injuries (*K. I. v New York City Bd. of Educ.*, 256 AD2d 189, 192; *McDonald v Cook*, 252 AD2d 302, 305, *lv denied* 93 NY2d 812). Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.