■ LAUREN BUCKLEY, Appellant, v DIOCESE OF ROCKVILLE CENTRE et al., Respondents, et al., Defendants. [715 NYS2d 720] —In an action, *inter alia*, to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated June 30, 1999, as (a) granted that branch of the motion of the defendants Diocese of Rockville Centre, Franciscan Brothers of Brooklyn, and Brother Thomas Grady which was for summary judgment dismissing the complaint insofar as asserted against the defendant Diocese of Rockville Centre, (b) granted that branch of the separate motion of the defendants South Huntington Union Free School District and Virginia Upton which was for summary judgment dismissing the complaint insofar as asserted against them, and (c) denied that branch of her cross motion which was for an award of costs and sanctions against the defendants Diocese of Rockville Centre, Franciscan Brothers of Brooklyn, and Thomas Grady for frivolous motion practice.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contentions, after the defendant Diocese of Rockville Centre (hereinafter the Diocese) made out a prima facie case for summary judgment, no material issue of fact was raised by the plaintiff with regard to whether the Diocese had supervision or control over the defendant St. Anthony's High School (hereinafter St. Anthony's) as to be held liable for the alleged acts of sexual harassment by one of St. Anthony's teachers (*see, Zuckerman v City of New York,* 49 NY2d 557; *see also, K. I. v New York City Bd. of Educ.,* 256 AD2d 189; *Kenneth R. v Roman Catholic Diocese,* 229 AD2d 159).

Furthermore, the plaintiff's complaint was properly dismissed insofar as asserted against the defendants South Huntington Union Free School District (hereinafter the school district) and Virginia Upton. There is no basis upon which liability under Title IX of the Education Amendments of 1972 (*see,* 20 USC § 1681 [a]) could be imposed upon the school district (*see, Gebser v Lago Vista Independent School Dist.,* 524 US 274), as the school district was not "deliberately indifferent" to the plaintiff and neither it nor Dr. Upton were a position to institute corrective measures in the private school (*Gebser v Lago Vista Independent School Dist., supra,* at 277).

The plaintiff's remaining contentions are without merit. Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.