(January 22, 2002)

■ ANONYMOUS et al., Respondents, v DOBBS FERRY UNION FREE SCHOOL DISTRICT et al., Appellants, et al., Defendants. [736 NYS2d 117] —In an action to recover damages for personal injuries, etc., the defendants Dobbs Ferry Union Free School District, Frank Tota, and Francis T. Zappone appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated August 3, 2000, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The infant plaintiffs were students in the defendant Dobbs Ferry Union Free School District (hereinafter the District). The defendant Steven Nowicki was the teacher of the older infant plaintiff. The infant plaintiffs' parents hosted a New Year's Eve party and invited Nowicki. Nowicki allegedly became intoxicated at the party, and the infant plaintiffs' father invited him to stay at their home until he was sober enough to drive home. He gave Nowicki a blanket and told him to sleep on the couch in the living room. The next morning, the older infant plaintiff told his parents that he was sexually molested by Nowicki. Nowicki also allegedly sexually molested the younger infant plaintiff.

The plaintiffs brought this action to recover damages arising out of Nowicki's alleged sexual molestation of the infant plaintiffs against, among others, the District, the defendant

Frank Tota, the District's superintendent, and the defendant Francis T. Zappone, the principal of the older infant plaintiff's school (hereinafter collectively referred to as the appellants). The plaintiffs alleged, inter alia, that the appellants were negligent in their hiring and supervising of Nowicki.

The Supreme Court improperly denied the appellants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The appellants made a prima facie showing of their entitlement to judgment as a matter of law by establishing that any nexus between Nowicki's employment at the District and his alleged sexual molestation of the infant plaintiffs was severed by time, distance, and the intervening independent actions of their parents (see, Cardona v Cruz, 271 AD2d 221, 222; K. I. v New York City Bd. of Educ., 256 AD2d 189; McDonald v Cook, 252 AD2d 302, 305; Lemp v Lewis, 226 AD2d 907, 908). In opposition, the plaintiffs failed to raise a triable issue of fact. Goldstein, J.P., McGinity, Luciano and Crane, JJ., concur.