■ GAYLE HOFFMAN, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Respondent. [753 NYS2d 864] —In an action to recover damages for personal injuries, the defendants City of New York and the New York City Police Department appeal from an order of the Supreme Court, Queens County (Flug, J.), dated December 11, 2000, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the defendants City of New York and the New York City Police Department, and the action against the remaining defendant is severed.

On March 26, 1996, the defendant Rolando Hernandez, an off-duty police officer, brought the plaintiff, who was working as a prostitute, to his house. At the time, the plaintiff was unaware that Hernandez was a police officer. Later, as they left the house, Hernandez, apparently feeling that the plaintiff had been treating him in a disrespectful manner, drew his service revolver and shot the plaintiff several times, paralyzing her. Hernandez was subsequently convicted of attempted murder and incarcerated.

The plaintiff commenced this personal injury action against the City of New York and the New York City Police Department (hereinafter referred to collectively as the City), and Hernandez. She seeks to recover against the City on the ground that the City negligently hired Hernandez.

The Supreme Court improperly denied the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, since, as a matter of law, the alleged negligent hiring of Hernandez was not the proximate cause of the plaintiff's injuries. At the time of the incident, Hernandez was acting outside the scope of his employment and was not under the City's supervision or control (*see Cardona v Cruz,* 271 AD2d 221), and any nexus between Hernandez's employment by the City and his attempted murder of the plaintiff was severed by time, distance, and Hernandez's intervening independent actions (*see Anonymous v Dobbs Ferry Union Free School Dist.,* 290 AD2d 464, *lv denied* 98 NY2d 616; *Lemp v Lewis,* 226 AD2d 907).

Although the City improperly raised the issue of proximate cause for the first time in the reply motion papers, it presents an issue of law which appears on the face of the record and which could not have been avoided if brought to the court's attention at the proper juncture (*see Block v Magee,* 146 AD2d 730). Moreover, the issue of proximate cause was addressed in the Supreme Court's order, and briefed by the parties on appeal.

In view of the foregoing, we need not address the parties' remaining contentions. O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.