OPINION OF THE COURT
Michael D. Stallman, J.
These motions raise an unusual question: Does respondeat *625 superior liability attach to the out-of-jurisdiction acts of an off-duty police officer?
Defendant Cobeo, an off-duty New York City detective, shot plaintiff Campos in a street encounter in Yonkers on the evening of March 29, 1995. Campos sues Cobeo in tort and sues the City of New York alleging vicarious responsibility.
Campos claims that he had been walking alone, carrying a wood-handled folding knife and a plastic-handled razorblade box cutter. Mistaking Cobeo for “Sach,” who Campos claims owed him a gambling debt, Campos says he tapped Cobeo on the shoulder and apologized when he realized his mistake, but claims that Cobeo started an argument and each accused the other of being drunk. Campos alleges he crossed the street, his entire body turned away from Cobeo, when he heard a gunshot, felt impact to his lower back and fell. Campos claims Cobeo approached at gunpoint and said, “By the way, I’m a cop” without displaying a badge.
Cobeo alleges that, while walking with his wife near their home, Campos and another grabbed Cobeo from behind in a chokehold, jabbed a hard object (which Cobeo believed was a gun) into his back, and robbed him of $15. Cobeo’s wife ran and called police. Cobeo alleges he drew his revolver and pursued, shouting “I’m a cop, don’t move.” Cobeo asserts Campos began to turn; believing Campos was about to shoot, Cobeo shot once and hit Campos. Cobeo recovered a seven-inch folding knife and $15 from Campos. Yonkers police arrested Campos, who was then hospitalized.
Acquitted after trial for robbery and assault, Campos commenced this civil action. Each party seeks summary judgment on scope of employment.
A plaintiff alleging respondeat superior has the burden of proving that the tort occurred while the defendant’s employee was acting within the scope of employment. (Davis v City of New York, 226 AD2d 271 [1996], lv denied 88 NY2d 815 [1996].) Employee conduct stemming only from a personal matter is outside the scope of employment. (Id.; Valentin v Corner, 254 AD2d 272 [1998]; Pekarsky v City of New York, 240 AD2d 645 [1997].)
*626 Cobeo was a police officer under state law (see CPL 1.20 [34] [d]) and thus had some legal authority even while off duty, outside New York City,[1] while within New York State.
Given probable cause, an off-duty New York Police Department (NYPD) officer may arrest within the state even outside the geographical area of employment. (See CPL 140.10 [3]; NYPD Patrol Guide § 110.)
The NYPD authorizes, but does not require, its officers to carry certain specified “off-duty revolvers,” and permits each officer discretion to be armed while off duty outside the City while within New York State. (NYPD Patrol Guide § 105-01.)[2]
A police officer may use deadly physical force if he or she reasonably believes it necessary to defend the officer or another person from what the officer believes to be the use of deadly physical force. (Penal Law § 35.30.)
State law and NYPD regulations, while relevant, do not resolve the vicarious liability issue, particularly given the factual dispute. (See Corson v City of New York, 290 AD2d 408, 410 [2002]; Riviello v Waldron, 47 NY2d 297 [1979].) That Cobeo was permissibly armed and authorized to make an arrest upon probable cause, and identified himself as an officer at some point during the incident, do not establish that he acted within the scope of employment. Neither does it resolve the issues of probable cause or justification.
Campos alleges an unprovoked, intentional shooting; Cobeo asserts he used reasonable, necessary force to arrest a felon and defend himself.
Nevertheless, the City argues that, under either Campos’s or Cobeo’s account, Cobeo was not acting within the scope of employment. The City contends that Cobeo responded to a personal dispute unrelated to his status as an off-duty officer outside New York City.
If the jury were to believe Campos, this was a private dispute and vicarious liability would not attach to the City. If Cobeo was “acting purely out of personal motives, and not within the scope of his employment or in furtherance of the City’s interests * * * the City [could not] be held liable, under a theory of respondeat superior, for his actions even if plaintiff knew his as *627 sailant was a police officer and even if the officer told plaintiff he was under arrest” (Cardona v Cruz, 271 AD2d 221, 222 [2000]; see Davis v City of New York, supra at 272).
If the jury were to believe Cobeo, and conclude that his use of force was justified, Cobeo would not be liable and no vicarious liability could attach to the City. (See Farkas v City of New York, 242 AD2d 597, 598 [1997].)
Notwithstanding the City’s position, the jury is not required to choose only Campos’s or Cobeo’s best case scenario. Evidence permitting, the jury might find that Cobeo permissibly responded to plaintiff within the scope of his employment, but used unreasonable or excessive force. There are other ways to view these events based on assessments of credibility that can be made only at trial.
It cannot be determined here, as a matter of law, whether Cobeo was acting within the scope of employment, whether the City is vicariously liable, or whether such liability can be proven. (Cf. Hoffman v City of New York, 301 AD2d 573 [2d Dept 2003] [shooting by off-duty officer at home held outside scope of employment; officer not under City’s supervision or control].)[3]
Accordingly, all three motions for summary judgment on respondeat superior are denied.
[Portions of opinion omitted for purposes of publication.]

. An officer’s “geographical area of employment” is the city, town or village of the employer. (CPL 1.20 [34-a] [b].) This incident occurred outside Cobeo’s area of employment, New York City.

. The NYPD requires its officers to “be armed at all times” when in the City of New York. (NYPD Patrol Guide § 105-01.)

. In Hoffman, the underlying facts were undisputed, having been developed in a criminal trial that established lack of justification. The officer in Hoffman would have been collaterally estopped by his criminal conviction from contesting liability in a later civil action. (See Green v Montgomery, 95 NY2d 693 [2001].) The City would not have been estopped because it was not a party to the criminal case. (See Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481 [1979].) Here, the underlying circumstances and the participants’ credibility are disputed. Campos’s acquittal established only that the jury was not convinced beyond a reasonable doubt; it has no collateral estoppel or other preclusive effect on this civil case because of the higher burden of proof required in a criminal action (proof beyond a reasonable doubt) compared to that required in a civil action (preponderance of the credible evidence). (Reed v State of New York, 78 NY2d 1, 8 [1991]; Kalra v Kalra, 149 AD2d 409, 410 [1989]; see 2 Chase, Weinstein-Korn-Miller CPLR Manual § 25.04 [e] [3] [2d ed].)