■ In the Matter of LAWRENCE P. NEWTON et al., Appellants, v TOWN OF MIDDLETOWN et al., Respondents. [820 NYS2d 154]—

Spain, J. Appeal from a judgment of the Supreme Court (Coccoma, J.), entered June 22, 2005 in Delaware County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, inter alia, declare that respondent Town of Middletown lacks the lawful authority to shorten the length of Pakatakan Road.

At the center of this dispute lies Pakatakan Road (hereinafter the road), situate in respondent Town of Middletown in Delaware County. Historically, the Town reported the road as a town

highway and, in 2004, filed a petition seeking to condemn lands located adjacent to the road to ensure compliance with minimum town mandates for width of public roads and rights-of-way. Supreme Court dismissed the Town's petition on the basis, among other things, that the Town had failed to comply with the Eminent Domain Procedure Law. In pointing out the shortcomings of the Town's petition, the court found that the Town had failed to demonstrate that the portion of the road to be improved was a town road or right-of-way.[1] The Town filed a notice of appeal from the judgment dismissing the petition but, after the parties appeared to reach a settlement, never perfected the appeal. Ultimately, after disputes arose concerning the location of a turn around, both sides rescinded their acceptance of the settlement agreement, leaving the parties' rights and obligations with respect to the road unresolved.

Petitioners are landowners who wish to establish their right to utilize the road as a means of access to their respective properties over lands owned by respondents Janet Steiglehner and Ernest Steiglehner, as well as their rights as members of the public to have the Town maintain the road. They commenced this hybrid CPLR article 78 proceeding and action for a declaratory judgment by filing and serving a notice of petition and a summons under a single index number, along with a combined petition/verified complaint.[2] The Steiglehners moved to dismiss the complaint and, in a separate motion, to dismiss the petition. Petitioners filed papers in opposition which, among other things, argued that the motion to dismiss the petition should be denied based on the prohibition of filing more than one CPLR 3211 (a) motion. Following a hearing, Supreme Court granted the motions and dismissed the petition/complaint.

Although CPLR 3211 (e) permits a party to move for dismissal pursuant to CPLR 3211 (a) only once, a party never forfeits its right to challenge the court's subject matter jurisdic-

---

**1.** We reject respondents' contention that petitioners Carol Sanford and John Sanford are precluded from arguing that the Town owns the road because they were nonappearing respondents in the Town's condemnation proceeding. Because Supreme Court's finding that the Town had not proved that the road was a town highway was not determinative of the disposition in that case, ownership of the road has yet to be "necessarily decided" and, thus, the Sanfords are not collaterally estopped from litigating that issue here (*see Lee v Jones*, 230 AD2d 435, 437-438 [1997], *lv denied* 91 NY2d 802 [1997]).

**2.** We reject the Steiglehners' assertion that petitioners were required to obtain separate index numbers for their CPLR article 78 claims and their plenary causes of action. The hybrid proceeding is appropriate given that the same subject matter—the road—underlies all of petitioners' contentions (*see e.g. Matter of Adams v Welch*, 272 AD2d 642, 642 [2000]; *Matter of Otto v New York State Adirondack Park Agency*, 252 AD2d 898, 898-899 [1998]).

tion and may, following a CPLR 3211 (a) motion, nevertheless move for dismissal on that basis (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:55, at 82; *see also* CPLR 3211 [a] [2]; *Finnerty v New York State Thruway Auth.*, 75 NY2d 721, 723 [1989]; *Matter of Anstey v Palmatier*, 23 AD3d 780, 780 [2005]). Here, the petition challenges the propriety of the Town's settlement agreement with the respondent landowners in the condemnation proceeding. It is undisputed, however, that the settlement agreement has been rescinded by both signatories, rendering any challenge to the Town's authority to enter into that agreement moot. Thus, the asserted CPLR article 78 claims are nonjusticiable and were properly dismissed (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003], *cert denied* 540 US 1017 [2003]; *Matter of NRG Energy, Inc. v Crotty*, 18 AD3d 916, 918 [2005]). Likewise, the declaratory judgment causes of action alleged by petitioners which relate to the settlement agreement are also moot. Thus, petitioners' first (alleging that the Town lacked authority to shorten the road as agreed in the settlement agreement) and second (alleging that the Town, in executing the settlement, illegally quit-claimed its rights to a public highway) causes of action in the complaint also were properly dismissed by Supreme Court.

We further hold that petitioners' third cause of action was properly dismissed because it fails to state a justiciable controversy meriting a declaratory judgment, or otherwise state a cause of action (*see* CPLR 3001, 3211 [a] [7]). Petitioners allege that respondent Town Highway Superintendent incorrectly reported the length of the road in the latest mileage report to the state. It is not apparent how the alleged misreporting, in and of itself, has or will impact petitioners; thus, no justiciable controversy exists (*see Matter of Rubin v New York State Educ. Dept.*, 210 AD2d 550, 551 [1994]). Further, petitioners fail to specify with accuracy the statutory source of the Town's duty in this regard. In any event, noncompliance with a statute does not necessarily give rise to a private cause of action to enforce the statute (*see Uhr v East Greenbush Cent. School Dist.*, 94 NY2d 32, 38 [1999]). "Unless a cause of action is expressly provided for by the statute pleaded, no cause of action can exist unless it could be fairly implied from the statute or its legislative history" (*McDonald v Cook*, 252 AD2d 302, 304 [1998], *lv denied* 93 NY2d 812 [1999] [citation omitted]). We find no basis to support the conclusion that the Town's alleged misstatement of the length of one of its roads in its report to the state is actionable by petitioners (*see Uhr v East Greenbush Cent. School Dist.*, *supra* at 42; *McDonald v Cook*, *supra* at 304).

We reach a different conclusion, however, with respect to petitioners' remaining causes of action. Petitioners' fourth cause of action purports to seek a declaration that the Town has a statutory obligation to maintain the road. Although petitioners present a justiciable controversy by alleging that a formal request to the Town to maintain the road had been ignored, the proper procedural vehicle for challenging the Town's inaction under these circumstances is a CPLR article 78 proceeding (*see Matter of Aldous v Town of Lake Luzerne*, 281 AD2d 807, 808 [2001]; *Schulz v Town Bd. of Town of Queensbury*, 253 AD2d 956, 956-957 [1998], *appeal dismissed* 93 NY2d 847 [1999], *lv denied* 93 NY2d 808 [1999]; *Matter of Van Aken v Town of Roxbury*, 211 AD2d 863, 864 [1995], *lv denied* 85 NY2d 812 [1995]). Petitioners commenced this proceeding/action within four months of the request letter; accordingly, the cause of action was timely asserted (*see* CPLR 217 [1]), and we will exercise our authority to convert this cause of action to a claim for relief under CPLR article 78 (*see* CPLR 103 [c]; *Roufaiel v Ithaca Coll.*, 241 AD2d 865, 867-868 [1997]).

Petitioners' fifth and sixth causes of action seek declarations with respect to the nature and extent of the property ownership and rights of the parties to access the road. Petitioners allege that the road is a town highway or, in the alternative, that they enjoy private ownership or rights-of-way by virtue of record title and/or adverse possession. By alleging that their public and/or private interests in the road have been compromised by actions taken by the Steiglehners (i.e., that the road has been obstructed or narrowed), petitioners have stated justiciable controversies (*see* CPLR 3001; RPAPL 1515; *Hanigan v State of New York*, 213 AD2d 80, 83 [1995]). Accordingly, these causes of actions should not have been dismissed.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed petitioners' fourth, fifth and sixth causes of action; petitioners' fourth cause of action is converted to a claim for relief under CPLR article 78; and, as so modified, affirmed.