as we must when considering a motion to dismiss (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the Bank failed to set forth a cognizable takings cause of action. A reasonable land use restriction imposed by the government in the exercise of its police power characteristically diminishes the value of private property, but is not rendered unconstitutional merely because it causes the property's value to be "substantially reduced" (*de St. Aubin v Flacke*, 68 NY2d 66, 77 [1986]), or because it " 'deprives the property of its most beneficial use' " (*Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d 603, 618 [1997], *cert denied* 522 US 813 [1997], quoting *Goldblatt v Hempstead*, 369 US 590, 592 [1962]; *cf. Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617 [2004]). Instead, the constitutionality of the regulation is determined under a balancing test which involves an examination of various factors including the "economic impact of the regulation, the extent to which the regulation has interfered with reasonable investment-backed expectations, and the character of the governmental action" (*Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d at 617; *see Lucas v South Carolina Coastal Council*, 505 US 1003, 1019-1020 [1992]; *Penn Central Transp. Co. v New York City*, 438 US 104, 123-124 [1978]; *Matter of Friedenburg v New York State Dept. of Envtl. Conservation*, 3 AD3d 86 [2003]). The property owner bears a heavy burden of demonstrating by " 'dollars and cents' evidence" that under no permissible use would the parcel as a whole be capable of producing a reasonable return upon enforcement of the challenged regulation (*de St. Aubin v Flacke, supra* at 77; *see Briarcliff Assoc. v Town of Cortlandt*, 272 AD2d 488, 491 [2000]; *see also Ruckelshaus v Monsanto Co.*, 467 US 986, 1005 [1984]; *Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d at 618; *Spears v Berle*, 48 NY2d 254, 263 [1979]). In this case, given the Bank's allegations that the subject property was approved for residential development after enactment of the Watershed Regulations, and absent any contention that the Bank did not realize a "reasonable return" upon its sale of the property for $1.4 million, the Supreme Court properly granted the City's motion to dismiss the regulatory takings cause of action for failure to state a cause of action because the alleged economic impact on the Bank was insufficient as a matter of law to outweigh the substantial public interest in the City's enforcement of the Watershed Regulations. Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.

■ R. et al., Respondents, v R., Defendant, and ROMAN CATHOLIC DIOCESE OF BROOKLYN et al., Appellants. [829 NYS2d 659]—

In an action to recover damages for personal injuries, etc., the defendants Roman Catholic Diocese of Brooklyn, Bishop Thomas V. Daily, Monsignor Andrew Vaccari, and Monsignor Otto Garcia appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated October 24, 2005, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against the appellants is granted.

The complaint alleged that the appellants were negligent in the hiring, retention, training, and supervision of the defendant R. (hereinafter the defendant) who sexually abused the infant plaintiff on numerous occasions from May 2003 to October 2003. Allegedly, the sexual abuse took place while the defendant was visiting and staying with the plaintiffs in their home. The defendant is the infant plaintiff's paternal uncle. At the time of the alleged incidents, the defendant had been on an extended personal leave of absence from the appellants since September 1, 1995, was living as a layman, and had been relieved of his priestly faculties. The complaint also alleged that the appellants were vicariously liable for the defendant's sexual abuse of the infant plaintiff. The appellants moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them. The court denied the motion.

Since the defendant's acts were committed for purely personal motives and were an obvious departure from his normal duties as a priest of the appellants, the appellants cannot be held vicariously liable for the defendant's acts as a matter of law (see Judith M. v Sisters of Charity Hosp., 93 NY2d 932 [1999]; Mataxas v North Shore Univ. Hosp., 211 AD2d 762, 763 [1995]; Kirkman v Astoria Gen. Hosp., 204 AD2d 401, 403 [1994]; Nicollette T. v Hospital for Joint Diseases/Orthopaedic Inst., 198 AD2d 54 [1993]; Heindel v Bowery Sav. Bank, 138 AD2d 787, 788

[1988]). Accordingly, the Supreme Court should have granted those branches of the appellants' motion which were to dismiss the causes of action which alleged that the appellants were vicariously liable for the defendant's acts.

The Supreme Court also improperly denied those branches of the appellants' motion which were to dismiss the remaining causes of action in the complaint insofar as asserted against them. Any nexus between the defendant's hiring and employment at the appellants and his alleged sexual abuse of the infant plaintiff was severed by time, distance and intervening independent actions (see Hoffman v City of New York, 301 AD2d 573 [2003]; Anonymous v Dobbs Ferry Union Free School Dist., 290 AD2d 464 [2002]). Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.

■ CHRISTINE RIVERA et al., Appellants, v YMCA OF GREATER NEW YORK, Respondent. [829 NYS2d 656]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), entered May 9, 2005, which granted the defendant's motion for summary judgment dismissing the complaint, and is in favor of the defendant and against them dismissing the complaint.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The infant plaintiff allegedly slipped and fell on a puddle of apple juice on the gymnasium floor of the defendant's premises and injured her ankle. The infant plaintiff testified at a deposition as to the size of the puddle, which was characterized by her attorney as being about the size of two legal pads. There was an apple juice box one or two feet away from the puddle, and the liquid on the floor was identical in color to the liquid on the box. She saw the box about two hours before the accident, but she only saw the liquid seconds before the accident. The infant plaintiff was a member of the defendant's summer camp program, which provided breakfast, lunch, and snack. The infant plaintiff alleged that campers ate breakfast and snack in the gymnasium, and that the defendant was not in the habit of cleaning the gym after each meal.

On the day of the accident, the campers ate snacks on the floor, as was their custom. They played a game of tag. The accident occurred about two hours into the game of tag. Before she fell and injured herself, the infant plaintiff fell a couple of times, without sustaining an injury, over liquid on another part