■ PARBATIE BOADNARAINE, Respondent, v CITY OF NEW YORK et al., Defendants, and WHITE GLOVE PLACEMENT, INC., Appellant. [892 NYS2d 470]—

On September 6, 2005 the plaintiff Parbatie Boadnaraine, while a patient at the defendant Queens Hospital Center, allegedly was sexually assaulted by the defendant Jacob Onanuga. At the time, Onanuga was a New York State-licensed, registered nurse, employed by the appellant White Glove Placement, Inc. (hereinafter White Glove), and was assigned by White Glove to work at the defendant Queens Hospital Center.

The Supreme Court denied that branch of White Glove's motion which was for summary judgment dismissing the first cause of action asserted against it, alleging negligent hiring, holding that White Glove failed to establish its prima facie entitlement to judgment as a matter of law. We reverse.

White Glove established its prima facie entitlement to judgment as a matter of law by demonstrating that it "acted with reasonable care in hiring, retaining and supervising the employee" (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933-934 [1999]; *see Mason v Ben Roy Das, Inc.*, 34 AD3d 768 [2006]; *Doe v Whitney*, 8 AD3d 610, 612 [2004]). Contrary to the Supreme Court's holding, White glove satisfied its prima facie burden by submitting the affidavit of Carol Abraham, its employment manager, in which she averred that, at the time Onanuga was hired, he was a New York State-licensed, registered nurse, with two favorable references from supervisors from other facilities where he had worked as a nurse.

In opposition to White Glove's prima facie showing, Boadnaraine failed to raise a triable issue of fact as to whether Onanuga was not a New York State-licensed, registered nurse in good standing when he was hired, or that White Glove knew or should have known of any propensity on his part to engage in the conduct resulting in the injury (*see Doe v Whitney*, 8 AD3d at 612; *Mataxas v North Shore Univ. Hosp.*, 211 AD2d 762, 763 [1995]). A duty to investigate further into Onanuga's background, or to "institute specific procedures for hiring employees," may be imposed upon White Glove only if it knew "facts that would lead a reasonably prudent person to investigate the prospective employee" (*Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 163 [1997], *cert denied* 522 US 967 [1997]; *see Mason v Ben Roy Das, Inc.*, 34 AD3d at 768). Here, no such facts were shown to exist.

Although disclosure was incomplete when White Glove moved for summary judgment, the motion was not premature because Boadnaraine failed to demonstrate that further discovery might lead to relevant evidence sufficient to raise a triable issue of fact (*see Dempaire v City of New York*, 61 AD3d 816, 817 [2009]; *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; *David B. v Millar*, 2 AD3d 763 [2003]).

Accordingly, the Supreme Court should have granted that branch of White Glove's motion which was for summary judgment to dismissing the first cause of action asserted against it, alleging negligent hiring. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.