■ S.C. et al., Respondents, v New York City Department of Education et al., Appellants. [949 NYS2d 71]—

The plaintiff S.C. attended I.S. 59 in Queens for the sixth, seventh, and eighth grades. Elmer Hammond, a paraprofessional employed at the school, was S.C.'s sixth-grade music teacher. Hammond also worked with at-risk students, such as S.C., and he began regularly eating lunch with S.C. in the chorus room, sometimes paying for S.C's lunch.

In January 2007, during S.C.'s eighth grade year, an argument with his mother caused him to run away from home, and he called Hammond, who had someone bring him to his home. There, Hammond talked to S.C. for a period of four to six hours before S.C.'s mother called Hammond to inform him that S.C. had run away. Hammond informed the mother that S.C. was

there with him. The mother, upset that S.C. was at Hammond's home without her knowledge or permission, requested that Hammond bring S.C. home, and Hammond complied.

The next school day, the mother arranged a meeting with the school's principal, the defendant Carleton E. Gordon, where she expressed her displeasure with Hammond's conduct in having S.C. at his home for a number of hours without informing her. Gordon suggested that Hammond and S.C. have no further contact with each other, a suggestion the mother accepted, and both Hammond and S.C. were directed not to contact each other. Within days of the meeting, Gordon was aware that further contact between Hammond and S.C. was occurring. For the rest of the school year, Hammond and S.C. continued to meet regularly for lunch, and Gordon made no further inquiry into Hammond's conduct. S.C. stopped meeting Hammond at the end of the school year in June, and, after attending summer school, S.C. graduated from I.S. 59 and entered high school in the fall. During the three years S.C. attended I.S. 59, nothing of a sexual nature occurred between S.C. and Hammond.

In February 2008, during S.C.'s freshman year in high school, he once again ran away from home after an argument with his mother. He stayed with a friend in Brooklyn for a month and stopped attending school. His stay with the friend ended after an argument, and, still in contact with Hammond by phone, he called Hammond, who invited him to stay at his home. S.C. accepted the invitation and stayed with Hammond for approximately two months. During this time, Hammond sexually abused S.C.

S.C. and his mother suing derivatively, commenced this action against, among others, the New York City Department of Education and the New York City Board of Education (hereinafter together the DOE defendants), and Gordon (hereinafter collectively the defendants) to recover damages for injuries arising from Hammond's sexual abuse. The plaintiffs alleged, inter alia, that the DOE defendants and Gordon negligently hired, retained, and supervised Hammond. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court, inter alia, denied those branches of the motion which were to dismiss the negligent hiring cause of action insofar as asserted against the DOE defendants and the negligent retention and supervision causes of action insofar as asserted against the defendants.

"To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's

propensity for the conduct which caused the injury" (*Shor v Touch-N-Go Farms, Inc.*, 89 AD3d 830, 831 [2011]; *see Jackson v New York Univ. Downtown Hosp.*, 69 AD3d 801, 801 [2010]; *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997]). The DOE defendants failed to establish, prima facie, that they were not negligent in hiring Hammond, since they submitted no evidence as to the specific circumstances of his hiring (*cf. Doe v Whitney*, 8 AD3d 610, 612 [2004]). However, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the negligent retention and supervision causes of action by submitting evidence demonstrating that they did not know or have reason to know of Hammond's propensity for sexual abuse of minors. None of Hammond's conduct with S.C. while S.C. attended I.S. 59 suggested a proclivity for sexual abuse (*see Acosta-Rodriguez v City of New York*, 77 AD3d 503, 504 [2010]; *Lisa P. v Attica Cent. School Dist.*, 27 AD3d 1080, 1081-1082 [2006]; *Ghaffari v North Rockland Cent. School Dist.*, 23 AD3d 342, 343-344 [2005]; *cf. Peter T. v Children's Vil., Inc.*, 30 AD3d 582, 586 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact.

In any event, the defendants established their prima facie entitlement to summary judgment dismissing the negligent hiring, retention, and supervision causes of action by showing that any nexus between their employment and supervision of Hammond and Hammond's sexual abuse of S.C. was severed by time, distance, and the intervening independent actions of S.C. in running away from home and Hammond in taking S.C. in and sexually abusing him (*see Farrell v Maiello*, 38 AD3d 592, 593 [2007]; *R. v R.*, 37 AD3d 577, 579 [2007]; *Anonymous v Dobbs Ferry Union Free School Dist.*, 290 AD2d 464, 465 [2002]; *K.I. v New York City Bd. of Educ.*, 256 AD2d 189, 192 [1998]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the negligent hiring cause of action insofar as asserted against the DOE defendants and the negligent retention and supervision causes of action insofar as asserted against the DOE defendants and Gordon. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.