In an action to recover damages for personal injuries, etc., the defendants Board of Education of the Greenport Union Free School District, Gary Charters, Greenport Union Free School District, and Charles Kozora appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J), entered December 2, 2010, as, upon granting the plaintiffs’ cross motion for leave to serve and file a second amended complaint, denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action sounding in vicarious liability and negligent hiring and *704 supervision insofar as asserted against them in the second amended complaint, or alternatively, pursuant to CPLR 3211 (c) for summary judgment dismissing those causes of action insofar as asserted against them in the second amended complaint.
Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action sounding in vicarious liability and negligent hiring and supervision insofar as asserted against the appellants in the second amended complaint, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.
The infant plaintiff “John Doe 1” (hereinafter the infant plaintiff) was a student in the defendant Greenport Union Free School District (hereinafter the school district), when the defendant Maria Commins, a teacher’s aide employed by the school district, allegedly engaged in an inappropriate sexual relationship with him. The infant plaintiff and his parents, “John Doe 2” and “Jane Doe 1,” commenced an action against Commins as well as the school district, the Board of Education of the Greenport Union Free School District, Gary Charters, the president of the school district, and Charles Kozora, the superintendent of the school district (hereinafter collectively the school defendants). The second amended complaint asserted various causes of action against the school defendants, including a cause of action alleging that the school defendants were vicariously liable for the actions of Commins, and were liable for the negligent hiring and supervision of Commins. At a hearing held pursuant to General Municipal Law § 50-h, the infant plaintiff repeatedly and unequivocally testified that he first met Commins due to his friendship with her son, with whom he shared some classes, and that both the development of his relationship with Commins, as well as all of their sexual trysts, occurred off of school grounds and outside of school hours.
The school defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the second amended complaint insofar as asserted against them or, alternatively, pursuant to CPLR 3211 (c) for summary judgment dismissing the second amended complaint insofar as asserted against them. The Supreme Court denied that branch of the motion which was for summary judgment, and granted that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss all of the causes of action insofar as asserted against the school defendants except for those seeking recovery under theories of vicarious liability and negligent *705 hiring and supervision. The school defendants appeal, and we modify.
As the plaintiffs correctly observe, summary judgment was unavailable to the school defendants, since the Supreme Court did not provide the requisite “adequate notice” (CPLR 3211 [c]) of its intention to treat the CPLR 3211 (a) (7) motion as one for summary judgment, and it cannot be said on this record that the parties deliberately charted a summary judgment course (see Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]). Hence, the relevant standard to be applied to this matter is that applicable to a CPLR 3211 (a) (7) motion to dismiss (see Vecere v Estate of Arnold Berle, 91 AD3d 637 [2012]; Velez v Captain Luna’s Mar., 74 AD3d 1191 [2010]).
“On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must afford the complaint a liberal construction, accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every [possible] favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). However, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff ‘has a cause of action, not whether [the plaintiff] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate’ (Guggenheimer v Ginzburg, 43 NY2d 268, 274-275 [1977])” (Fishberger v Voss, 51 AD3d 627, 628 [2008]).
Here, the evidentiary material submitted on the school defendants’ motion demonstrated that the plaintiffs did not have a cause of action against them sounding in either vicarious liability or negligent hiring and supervision. Indeed, the infant plaintiffs own testimony at the hearing pursuant to General Municipal Law § 50-h established that all of the improper acts by Commins took place off school premises and/or outside of school hours, when the school defendants had no custody or control of the infant plaintiff and no duty to monitor or supervise the conduct of Commins (see Pratt v Robinson, 39 NY2d 554, 560 [1976]; Banks v New York City Dept. of Educ., 70 AD3d 988, 990 [2010]). Moreover, the evidence demonstrated that the conduct of Commins was personally motivated, and constituted a complete departure from her duties as a school district employee, thereby negating any potential vicarious li *706 ability on the part of the school defendants for her tortious acts (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251-252 [2002]; Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933 [1999]; Horvath v L & B Gardens, Inc., 89 AD3d 803, 803-804 [2011]; Spielman v Carrino, 77 AD3d 816, 818 [2010]).
Additionally, the evidence established that Commins was properly investigated prior to being hired, and that the school defendants had no notice of any propensity on her part to sexually assault students, and the plaintiffs did not allege that the school defendants knew or had reason to know of any improper behavior by Commins (see Boadnaraine v City of New York, 68 AD3d 1032, 1033 [2009]; K.I. v New York City Bd. of Educ., 256 AD2d 189, 191-192 [1998]). Similarly, there was no nexus between Commins’s employment and the sexual assaults, since they were separated by time, place, and the intervening independent acts of Commins (see Farrell v Maiello, 38 AD3d 592, 593 [2007]; R. v R., 37 AD3d 577, 579 [2007]; Anonymous v Dobbs Ferry Union Free School Dist., 290 AD2d 464, 465 [2002]). Accordingly, the school defendants indisputably proved, through the submission of evidentiary material, that the plaintiffs did not have a cause of action against them. Consequently, the Supreme Court should have granted that branch of the school defendants’ motion which was to dismiss the remainder of the second amended complaint insofar as asserted against the school defendants (see Grant v Aurora Loan Servs., 88 AD3d 949, 950 [2011]; Laxer v Edelman, 75 AD3d 584, 585-586 [2010]; Fishberger v Voss, 51 AD3d at 628).
The plaintiffs did not demonstrate that further discovery might lead to relevant evidence sufficient to oppose the school defendants’ motion (see Kaplan v Roberts, 91 AD3d 827 [2012]; Boadnaraine v City of New York, 68 AD3d at 1033). Mastro, J.E, Chambers, Austin and Miller, JJ., concur.